HERMAN OVERSTREET v. STATE.

197 So. 516
Division B
Opinion Filed July 26, 1940

*Akerman & Akerman,* for Plaintiff in Error;

*George Couper Gibbs,* Attorney General, and *William Fisher, Jr.,* Assistant Attorney General, for Defendant in Error.

CHAPMAN, J.—On June 18, 1936, a grand jury of Hillsborough County, Florida, indicted Herman Overstreet and Robert Courtney of murder in the first degree for the unlawful killing of W. G. (Nubby) Chester on June 7, 1936, by striking him with a blunt instrument. On January 4, 1937, the defendants were arraigned on said indictment and each entered a plea of not guilty. On the 4th day of January, 1940, a motion for severance was made by the State Attorney and granted by the lower court, when Herman Overstreet, on the 9th day of January, 1940, was placed upon trial on the aforesaid indictment and the jury returned a verdict of manslaughter. There was a motion made for a new trial and the same was overruled and denied by the trial court and Herman Overstreet was by the trial court sentenced to serve a period of eight years in the State prison at hard labor. From this judgment an appeal has been perfected to this Court.

The record shows that the plaintiff in error, hereinafter referred to as the defendant, when taken into custody was interrogated or examined by Mr. Huntley, an assistant State attorney. The questions propounded to the defendant and

by him answered were taken down in shorthand by Fred Williams, deputy court reporter, and at a subsequent date the shorthand notes were transcribed. When the case was being tried, the State attorney offered in evidence, given portions of said proceedings, in which the defendant made statements of an incriminating nature. The court reporter, Mr. Williams, was on the stand and the proceedings showed that the defendant was fully advised of his constitutional rights prior to making statements of an incriminating nature.

Several objections were offered to the admission of this testimony and one of the assignments of error here is that reversible error occurred when the trial court refused to permit counsel for defendant to cross examine further the witness Fred Williams. We have read all the testimony of the witness and each detail of the proceedings held by Mr. Huntley, Assistant State Attorney, was thoroughly presented and it is difficult to see or comprehend what rights, if any, were disregarded by the trial court in declining or refusing to permit a further cross examination on the part of counsel for defendant.

It is next contended that the evidence adduced on the part of the State was legally insufficient to prove or establish that the deceased met his death as the result of being struck with a blunt instrument. An employee of the undertaker who prepared the body of "Nubby" Chester for burial, testified that he observed some wounds or bruises about the neck of the deceased and when the body was placed on a cooling board at the funeral home, it was observed that the head of the deceased would not remain in any certain position after being properly placed by an assistant undertaker. It was the opinion of the assistant undertaker that the neck of the deceased was broken and there is no contradictory testimony whatsoever on this point.

See Deiterle v. State, 101 Fla. 79, 134 So. 42; Lee v. State, 96 Fla. 59, 117 So. 699; Jones v. State, 65 Fla. 111, 61 So. 185; Baker v. State, 30 Fla. 41, 11 So. 492; Wharton's Criminal Evidence, Vol. 2 (11th Ed.) 1503-5, pars. 871-2. We think it was within the province of the jury to consider and determine the question of whether or not "Nubby" Chester's death was caused by being struck with a blunt instrument.

Counsel for defendant propounded questions raising the sufficiency of the evidence adduced on the part of the State to sustain the verdict and judgment rendered in the lower court. The defendant, according to the record, and Mr. Courtney were with the deceased on Saturday night prior to the finding of the body of "Nubby" Chester on Sunday morning. Witnesses testified that defendant, Courtney and deceased were seen going west on one of the streets of Tampa, riding in a 1930 or 1931 Ford car, and some time thereafter the car returned from the direction in which the body was later found and the defendant and Courtney were in the car on the return and the body of the deceased was later found. We think there is ample testimony in the record to sustain the verdict.

Counsel for defendant contends that reversible error occurred in proceedings had during the trial of the cause, viz.:

"By Mr. Farrior: * * * I say it is only logical to conclude, under that definition of the law, that if two men take another to a lonely and secluded spot in the woods and dump him and leave him in a cluster of bushes secluded from the view of even those who might pass by there, even though that man is not even struck by either one of these persons who took him there but he is left there under such conditions, of drunkenness or anything else, and they leave him there to die and do not go and report the fact in order that

medical attention might come to him, and leave him there until his body is found by a man, a stranger to the affair, and then after they read the paper and find that the body has been found, I say that certainly under those circumstances it is reasonable to conclude that it is manslaughter.

"By the Court: Did you get all that, Mr. Johnson? All right, Mr. Akerman.

"By Mr. Akerman: The record shows that Mr. Farrior stated that if two men took another into the woods even though they did nothing to contribute to his injuries—

"By Mr. Farrior: The word 'contribute' has not been used. The record speaks for what my statement was.

"By Mr. Akerman: Let the record show that Mr. Farrior said that if two men took another into the woods and even though did not contribute to his injuries and left him there in a drunken condition and that he died, that it was manslaughter, and the defendant respectfully requests the court to instruct the jury now that that is not manslaughter.

"By the Court: Gentlemen of the jury, I will give you all of the instructions at the conclusion of the argument. For your information, I will state at this time that manslaughter is the killing of a human being by the acts, procurement or culpable negligence of another in cases where such killing is not justifiable or excusable homicide nor murder, it is manslaughter. I am going to define the different degrees of homicide at the conclusion of the argument. I am giving you this because of the argument between counsel. You gentlemen are the sole judges of the evidence and its weight and credibility, and the questions of fact you will determine for yourselves when you retire to the jury room under the instructions as to the law that I will give you. What Mr. Farrior and Mr. Akerman argue is all in your presence. Of course, Mr. Farrior rep-

.resents the State and Mr. Akerman the defendant. They are entitled to be heard by you gentlemen, and entitled to have your consideration. Where there is a dispute about what the witness said, after you hear that discussion, you have the right to call to your assistance your own recollection of the testimony. I want to repeat that in these different things you are the sole judges of the evidence, its weight and credibility. You determine the questions of fact. At the conclusion of the testimony I will give you the complete instructions as to the law.

"By Mr. Farrior: I would like for the court to add to that, that counsel for either side have a right to state what they believe the law to be and their reasonable conclusions from the evidence.

"By the Court: Both sides have a right to make such deductions as are proper from the evidence, the State attorney and the defense counsel, from anything that has been admitted in evidence before you, and then they may argue to you what, in their opinion, the law is. Of course, as I have explained to you before in the final analysis you take what the law is from the court."

It is fundamental that a jury sitting in the trial of a case. is required to accept the law controlling the facts as given by the trial court. The jury is not required under our system to treat as conclusive argument of counsel based upon facts adduced or to adopt the opinion of counsel as to the law governing or controlling the case. It is difficult for an attorney in the trial of a case to refrain from expressing his view or opinion as to the law controlling the case, but these expressions or opinions as to the law made on the part of counsel during the progress of a trial is not conclusive, and the jury must and is required under the law to take instructions from the court. An abuse of discretion has not been made to appear on the part of the trial court as shown

*supra.* See Graham v. State, 72 Fla. 510, 73 So. 594; Tyson v. State, 87 Fla. 392, 100 So. 254; Gaston v. State, 134 Fla. 538, 184 So. 150.

Careful consideration has been given to the entire record, the briefs of counsel and authorities cited have been examined, and after hearing able argument at the bar of this Court, we have concluded that there is no error in the record.

The judgment appealed from is hereby affirmed.

WHITFIELD, P. J., and BROWN, J., concur.

TERRELL, C. J., concurs in opinion and judgment.

Justices BUFORD and THOMAS not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.

BROWN, J. (concurring).—In the case of Morey v. State, 72 Fla. 45, 72 So. 490, this Court said:

"We think, therefore, the question is sufficiently presented, whether the State having offered evidence of inculpatory statements made by the defendant, may the defendant on cross-examination show other exculpatory statements or statements deemed exculpatory made in the same conversation or at the same time in reference to the same subject matter? This Court has decided the identical question in the affirmative." (Citing several authorities.)

One of the authorities cited in the Morey case was the case of Thalheim v. State, 38 Fla. 169, 20 So. 538, in which latter case this Court said:

"The defendant is entitled to have before the jury all that was said upon the subject upon the particular occasion, whether prejudicial or beneficial to him. The State having opened the door by proving a part of the conversation, it cannot close it upon the defendant so that he cannot offer the other part of the conversation which relates to the same

subject matter. The whole conversation should be before the jury and they should determine what weight and effect should be given to the whole conversation."

It will be noted that when the State has proved a part of a conversation, the defendant can offer the other part of the conversation "which relates to the same subject matter."

In this case the State produced as a witness one Fred Williams who testified from shorthand notes, or a transcript of same in typewritten form, made by him, as to the defendant's statement, which consisted of an examination made of the plaintiff in error by the then assistant State attorney shortly after plaintiff in error's arrest. At the conclusion of the examination of such witness by the State, plaintiff in error attempted to cross examine the witness as to another portion of the statement which had not been introduced in evidence by the State. The State objected and the court sustained the objection. It appears that the only questions and answers appearing in the statement taken from plaintiff in error which his counsel sought to bring out on cross examination were with reference to the age of the plaintiff in error. The State objected on the ground that this question was not in cross of anything asked on the direct examination, and was a self-serving declaration and had nothing to do with the guilt or innocence of the defendant. The court sustained the objection, stating that the question of age was a matter of defense and that the questions propounded were not in cross.

In the course of these proceedings with reference to this matter the State offered to introduce the entire written statement taken from the defendant, but the defendant objected to this upon the ground that a large part of the statement was entirely irrelevant and immaterial, and also objected to the State attorney making such offer in the presence of the jury.

We think that the defendant, plaintiff in error here, had a right to have the entire statement submitted to the jury had he so requested. However, his counsel objected to the introduction of the entire statement. It is not contended here that the defendant's age, as shown by what he had said in his previous statement, was such as to relieve him of criminal liability, and there is other evidence in the record which indicates that he was about twenty-two years of age at the time of the offense charged.

The State, having introduced certain portions of the statement, the defendant had the right to have the whole statement submitted to the jury, but he had no right, as I see it, to take out isolated statements, not relating to the subject matter of the direct examination, and hence not in cross. It appears therefore that there was no violation by the court of the rule laid down in the Morey and Thalheim cases, *supra,* especially in view of the offer of the State attorney to introduce the entire statement in evidence.

The only question in this case which gives me any concern is whether the trial court should have granted a new trial on the ground of the alleged insufficiency of the evidence, but in view of all the evidence, including the evidence of flight, I am not convinced that the trial court committed error in overruling the motion for new trial.