PEARSON, Judge.
Appellant was indicted and tried for murder in the second degree and was found guilty of manslaughter by a jury.
The only question raised by appellant ■on this appeal is whether the evidence taken as a whole was sufficient to support a verdict of guilty of manslaughter. The defendant presented no testimony; although a written statement given investigating officers was read into the record by the prosecution. A brief outline of the facts established follows.
The appellant was continuously with the decedent, a female, during the day of the homicide. During that day the accused and the deceased went to various eating and drinking establishments in which they partook of food and alcoholic beverages. Shortly after 5:00 P.M., a passing motorist observed the couple on the Tamiami Trail at approximately 100th Avenue. His car was driven off the road by the erratic driving of the appellant. The appellant states that at sometime during the afternoon a front fender was damaged by a collision with a concrete object. After nightfall and further driving around, the appellant and the decedent worked their way out to the Bird Road extension. This road ran to a dead end where a bridge was out. While out on the extension, the decedent asked to be let out of the car. When the accused refused to let her out, she threw her shoes out the window and he stopped. She got out of the car to get her shoes and refused to get back into the car. The appellant stated he drove west on the Bird Road extension for approximately two miles and then turned around and came back to the place in the road where the decedent was last seen. He saw the victim lying in the road and wasn’t sure whether he hit her, but guessed that he had. He heard some clumping noise but did not stop to render any aid, because he was afraid. In his prepared statement the accused testified that the deceased was “sick drunk”. Also in the prepared statement the accused denied knowledge of any bumping under the car. The accused, also in the prepared statement, stated that he told his wife, “ ‘Honey, I left Jean laying on the road drunk. She was laying there in the road and I swung around her and I think I hit her leg,’ which was what I thought I hit.” The appellant further stated that the decedent was lying with her head toward the center of the road. “She acted like she was trying to block the road, and I guess I hit her.”
The physical evidence adduced at the trial was as follows: A qualified pathologist who conducted the post-mortem examination and autopsy on the body of deceased concluded that the cause of death was shock due to a “brunt force injury” resulting in multiple fractures, lacerations, and contusions. The pathologist in answering a hypothetical question stated the decedent’s injuries were consistent with the type that would be evident if one was struck by an automobile. The chief laboratory technician of the criminal bureau of investigation of the Dade County sheriff’s department testified he conducted scientific comparisons of substances such as the deceased’s hair, thread from the deceased’s clothes, and grease taken from the deceased’s body with materials taken from the undercarriage of the defendant’s automobile. This technician testified that the fibers taken from the thread of the deceased’s blouse were similar to those found on the undercarriage of the defendant’s automobile, that samples of hair found on the undercarriage of the accused’s automobile were similar to decedent’s and that samples of grease were likewise similar in all observable characteristics to grease samples taken from the automobile. Paint fragments taken from the body appeared to be similar to paint samples taken from the appellant’s crank *740 case. The investigating' officer who took the various samples of grease, paint, hair and thread from the automobile testified that the thread was found on the tie rod, and the samples of hair were found on the drain plug of the crankcase. He further testified that it did not appear from an examination of the front of the car that there was any impact with a human body.
It is this last opinion evidence which appellant claims raises a reasonable hypothesis that another automobile actually struck the deceased and caused the fatal injuries, and that if appellant struck the decedent it was after she had already been knocked down by another automobile. The appellant argues that since such a reasonable hypothesis exists, he should have been exonerated in that the law in Florida as stated in Savage v. State, 152 Fla. 367, 11 So.2d 778, is to the effect that the State may prove the guilt of the accused by circumstantial evidence, but, where the evidence relied upon for conviction is entirely circumstantial, the law requires that such evidence, as a whole, must be so strong, cogent, and convincing as to exclude any reasonable hypothesis, except that of the defendant’s guilt.
While we recognize the rule as stated in Savage v. State, supra, we hold that the evidence here met that standard. See Lopez v. State, Fla.1953, 66 So.2d 807. It is not necessary to sustain a jury’s verdict in a manslaughter conviction that the State present an eyewitness to the actual striking of the blow. Nor is it necessary that every possibility other than the guilt of the defendant be eliminated. See Overstreet v. State, 143 Fla. 794, 197 So. 516; Johnson v. State, Fla.App.1958, 101 So.2d 180; Hendrickson v. Commonwealth, Ky., 259 S.W.2d 1; 3 Wharton’s, Criminal Evidence § 980 (12th Ed. 1955).
Mr. William Arthur Browning, who discovered the body of the deceased, testified that as he drove out Bird Road extension at approximately 7:00 P.M. he passed only one vehicle on the road. He passed no other automobile. The road was a coral rock trail which came to a dead end near the residence of the man that Mr. Browning was going to visit. On the way back Mr. Browning found the deceased lying on the road. There is conclusive evidence that the defendant’s car passed over the deceased. The hypothesis of a second automobile, which might have struck the deceased between the time that the defendant left the deceased, drove down the road, turned around, returned and did strike her, is not a reasonable one under the evidence.
Affirmed.
CARROLL, CHAS., C. J., and HORTON, J., concur.