378 P.2d 750

**STATE of Arizona, Appellee,**

**v.**

**Frank B. COX and Raymond Miller, Appellants.**

**No. 1268.**

Supreme Court of Arizona,

En Banc.

Feb. 13, 1963.

Frank Cox and Raymond Miller were charged in separate criminal informations of the crime of burglary, which cases were consolidated for purposes of a trial before a jury which returned verdicts of guilty of burglary in the first degree against each defendant. From the judgments of conviction the defendants bring this consolidated appeal.

On the morning of January 2, 1962, at approximately 12:00 o'clock A.M., an officer of the Prescott Police Department discovered that the Snow Cap Drive-In located in Prescott, Arizona, had been broken into and burglarized. Other officers were called to investigate, and they discovered some frozen sausage wrapped in foil lying on the floor. The sausage was hard, and not completely thawed. One officer testified at the trial, "it was warm in there."

At approximately 3:30 A.M. on January 1, 1962 another police officer had checked the Drive-In and found no evidence of a breaking-in. During the period of time in which the burglary may have been committed the defendants had stayed at a small house which was rented by a Joe Cox, uncle of defendant Frank Cox, located approximately seventy-five yards north of the Drive-In. Warrants of arrest were issued for the defendants, and members of the Prescott Police Department accompanied by two sheriff's deputies went to the home rented by defendant Miller and his wife.

Hugh M. Kingsbury, Prescott, for appellant Frank B. Cox.

Eino M. Jacobson, Prescott, for appellant Raymond Miller.

Robert Pickrell, Phoenix, Atty. Gen., Stirley Newell, Phoenix, Asst. Atty. Gen., George M. Ireland, Prescott, County Attorney of Yavapai County, for appellee.

LOCKWOOD, Justice.

in Sedona, Arizona. At this time both defendants attempted to hide in the house, but were discovered and arrested. At the Miller home in Sedona, the officers found certain frozen foods and cigarettes which were part of the property that had been stolen from the Drive-In in Prescott two days previously.

The defendants stated that they went to Prescott on December 31st for the purpose of seeing defendant Cox's grandmother, who was seriously ill in the hospital. They stated that they did visit Cox's grandmother on January 1, 1962, and then returned to Sedona that evening, arriving about 5:30 P.M. Defendant Miller claimed that while in Prescott he met a stranger who sold him some frozen food for ten dollars, which was the food the arresting officers charged was stolen.

At the close of the State's case in chief and again after all the evidence had been submitted, the defendants moved for directed verdicts on the ground that the evidence would not sustain a conviction, which motions were denied. The defendants alleged as error (1) denial of motions for directed verdict, (2) failure of the trial court to give defendants' requested instruction on circumstantial evidence, and (3) the court's submitting both first and second degree burglary for the jury's consideration.

We find that there was sufficient evidence in the record to submit the case to the jury on the question of either first or second degree burglary. However this case must be reversed for failure to submit an instruction on circumstantial evidence. The entire evidence against the defendants was circumstantial. This court has previously stated the importance of circumstantial evidence and the force it is to be given. To warrant a conviction on circumstantial evidence only, it is necessary that the circumstantial evidence so offered should not only be consistent with guilt but inconsistent with every reasonable hypothesis of innocence. State v. Evans, 88 Ariz. 364, 356 P.2d 1106 (1960); State v. Andrade, 83 Ariz. 356, 321 P.2d 1021 (1958). The court should so have instructed the jury.

Judgment reversed and case remanded for a new trial.

BERNSTEIN, C. J., UDALL, V. C. J. and STRUCKMEYER and JENNINGS, JJ., concur.