WIGGINTON, Judge.
Appellant was charged in two counts of an information with separate offenses committed on separate dates against the laws of Florida. The jury found him guilty on both counts of the information, and he was sentenced to serve a term of two years imprisonment on each count, the sentences to run concurrently. It is from the judgment of conviction and sentence that this appeal is taken. Appellant’s principal contention is that the evidence is insufficient to sustain the verdict of guilty, and the court erred in denying his motion for a directed verdict at the close of the State’s evidence.
The first count of the information charges appellant with the offense of breaking and entering a building on December 4, 1964, with intent to commit a misdemeanor. The second count charges him with attempting to break and enter the same building on the next succeeding night of December S, 1964, with intent to commit a misdemeanor.
The building involved in this case is what is commonly known and referred to as a juke joint. In the rear of the building is an open patio surrounded by a wooden fence approximately six or seven feet high. The patio is entered from inside the building, and is used by patrons of the establishment in their pursuit of happiness. At one corner of the building inside the fenced area a wooden door leads from the patio into a rest room maintained by the establishment for the use of its patrons. Inside the rest room is another wooden door which leads into the kitchen of the main building. The evidence reveals that sometime in the early morning hours of December 4 entrance to the rest room had been gained by forcing open the outside wooden door, after which the intruder gained entrance into the building by breaking the latch or lock on the door leading into the main part of the building. Each of the two door facings bore marks indicating that some metal instrument had been used by the intruder in forcing open the doors and breaking the lock on the inside door. On this occasion several cases of beer and other merchandise were stolen and removed from the premises. No one was seen or apprehended at that time.
As a result of the foregoing, the building was placed under surveillance by the police department and the area was patrolled on the next succeeding night of December 5. The efforts of the law enforcement officers were rewarded when on making an approach to the building from a side street they detected appellant climbing over the fence from the patio to the street. Upon his arrest appellant was found to possess a knife and screwdriver.
At the trial it was established that the wooden facings of the doors leading through the rest room into the main part of the building which had been forced open the night of December 4 bore new markings indicating that forcible entrance into the building had been attempted on the night of December 5. Testimony of experts proved that particles of paint found on the knife and screwdriver taken from appellant matched the paint on the outside and inside of the building around the doors which had been tampered with on both nights in question. The *579 evidence further revealed that the tool marks in the wood on and around the doors could have been made by fhe screwdriver found in appellant’s possession.
From the foregoing it affirmatively appears that the evidence was such that the jury could reasonably have found that appellant was attempting to effect an unlawful entry into the building in question on the night of December 5 when he was apprehended, as charged in the second count of the information. It is not disputed but that appellant’s guilt of the offense for breaking and entering as charged in the first count of the information must be sustained, if at all, on circumstantial evidence alone. Appellant’s testimony at the trial, and that of one of his witnesses, was that on the night of December 4 he remained wih his family and never left the house at any time.
In the case of Harrison v. State,[1] this Court stated the rule of law applicable to a conviction supported only by circumstantial evidence to be as follows:
“When circumstantial evidence is relied upon for conviction in a criminal case, the circumstances, when taken together, must be of a conclusive nature and tendency, leading on the whole to a reasonable and moral certainty that the accused, and no one else, committed the offense. If the facts in proof are equally consistent with some other rational conclusion than that of guilt, the evidence is insufficient. If the evidence leaves it indifferent as to which of several hypotheses is true, or merely establishes some finite probability in favor of one hypothesis rather than another, such evidence cannot amount to proof, however great the probability may be. It is the actual exclusion of each other reasonable hypothesis which clothes mere circumstances with the force of proof. Circumstantial evidence which leaves nothing more than a suspicion that the accused committed a crime is not sufficient to sustain a conviction.”
From our examination of the record in this case the only evidence which we find, or which has been brought to our attention, which links appellant in any way with the breaking and entering of the building which occurred on December 4 as charged in the first count of the information is that when apprehended on the next succeeding night, he was found to possess a screwdriver which matched in size and shape the markings on the wooden door facings left by some metal instrument which had unquestionably been used in gaining entry into the building on the night of December 4. We do not perceive that this fact, standing alone, is sufficient to meet the rigid requirements of a valid conviction predicated solely on circumstantial evidence. It is our conclusion that the evidence tending to support appellant’s conviction under count one of the information is not of such a conclusive nature and tendency as to lead on the whole to a reasonable and moral certainty that the accused, and no one else, committed the offense. While the jury could have properly inferred that the particles of paint found on appellant’s knife and screwdriver after his apprehension on the night of December 5 were accumulated during his attempted entrance to the building on that night, we do not believe this evidence can properly support the inference that all or a part of such paint particles became attached to the tools when used in breaking and entering the building on the previous night of December 4. We do not consider the evidence with regard to the charge of breaking and entering the building on December 4 to be sufficiently persuasive as to exclude every other reasonable hypothesis of innocence. We therefore hold that the evidence is insufficient to support the verdict of guilty rendered by the jury with regard to count one of the information, and the trial court erred in denying appellant’s motion for directed verdict as to this count which was made at the close of the State’s evidence.
*580 A reversal of the judgment of conviction appealed herein will not result in diminishing the term of appellant’s imprisonment since the sentence on each count of the information was ordered to run concurrently. In view of our statutes which impose additional penalties on those convicted of multiple offenses, appellant is entitled to have the record corrected to show his conviction of only one of the two offenses with which he was charged in this case. The judgment appealed is accordingly reversed and the cause remanded for the entry of an appropriate judgment consistent with the views set forth herein.
RAWLS, C. J., and CARROLL, DONALD K., L, concur.

. Harrison v. State, (Fla.App.1958) 104 So.2d 391, 394-395.