415 P.2d 566

**STATE of Arizona, Appellee,**

**v.**

**James Madison THOMPSON, Appellant.**

**No. 1617.**

Supreme Court of Arizona,
In Division.

June 16, 1966.

Leon Thikoll, Tucson, for appellant.

Darrell F. Smith, Atty. Gen., Phoenix, Norman E. Green, County Atty., Pima County by Carl Waag, Deputy County Atty., Tucson, for appellee.

UDALL, Justice.

Defendant James Madison Thompson was tried by a jury in the Superior Court of Pima County, and was convicted of the crime of robbery in violation of A.R.S. §§ 13–641 and 13–643. From that conviction, and subsequent sentence of imprisonment for not less than ten years and not more than twenty years in the Arizona State Prison, he brings this appeal. The material facts will be stated in the light most favorable to sustaining the con-

viction. State v. Sowards, 99 Ariz. 22, 406 P.2d 202.

On December 20, 1964, three men robbed the clerk of a Circle K Market in Tucson, Arizona. Two of the robbers entered the market and a third man remained in an automobile at the side of the store. One of the men in the store held a bayonet against the clerk, forcing him to hand over the cash in the register.

While the robbery was in progress, a part-time employee of Circle K, Larry M. Land, entered the store to purchase cigarettes and seek directions in the area. Land became suspicious after transacting his business and returned to his automobile. His wife and their baby sitter remained in the automobile while Land was in the market. Because of the location of a car, close to the side of the building, the occupants of Land's automobile became curious and noted the license plate number of that automobile. In addition, the witnesses observed that the car's engine was running and testified that, after Land entered the store, the driver backed his vehicle to a position where both women in Land's automobile could see the driver's face and physical characteristics. The defendant was identified at the trial as the driver of the car by the two women.

Later the same evening, the automobile used in the robbery was stopped by the city police. At this time the vehicle was being driven by a young boy and his mother was a passenger. These individuals were identified subsequently as the nephew and sister, respectively, of the defendant. After routine investigation by the police department, several police officers accompanied the occupants of the automobile to their home. The accused and the other two participants of the crime were found at the residence, were questioned, but not arrested. Also, found outside of the home was a bayonet which was identified as similar to, or the same as, the one used in the robbery.

The defendant presents two questions for review; however, the questions are related and may be answered together. The defend-ant contends the trial judge erred in denying his motions for directed verdict at the close of the state's case and after he had presented his case. Defendant challenges the sufficiency of, what he labels, circumstantial evidence which would point toward guilt and be inconsistent with every reasonable hypothesis of innocence.

Pursuant to Rule 270, Arizona Rules of Criminal Procedure, 17 A.R.S., the trial court may direct the jury to acquit the defendant at the close of the evidence for the state or at the close of all the evidence if such evidence is insufficient to warrant a conviction. In reviewing the trial court's refusal of defendant's motion for directed verdict at the close of state's case and at the close of all the evidence, we must view the facts in a light most strongly in favor of upholding the jury's verdict. State v. Manis, 95 Ariz. 27, 386 P.2d 77.

Defendant is correct in his contention that, to warrant a conviction based solely upon circumstantial evidence, such evidence must not only be consistent with guilt, but inconsistent with every reasonable hypothesis of innocence. See, State v. Bearden, 99 Ariz. 1, 405 P.2d 885; State v. Cox, 93 Ariz. 73, 378 P.2d 750; State v. Evans, 88 Ariz. 364, 356 P.2d 1106; State v. Andrade, 83 Ariz. 356, 321 P.2d 1021. Circumstantial evidence alone, however, is sufficient to sustain a conviction if it excludes every reasonable hypothesis of innocence. State v. Betts, 71 Ariz. 362, 227 P.2d 749; Holder v. State, 31 Ariz. 357, 253 P. 629. We have defined circumstantial evidence as "the assertion of a witness as to the existence of some fact from which the existence of the thing in issue may be reasonably and logically inferred." Kinsey v. State, 49 Ariz. 201, 212, 65 P.2d 1141, 1146, 125 A.L.R. 3.

We think the evidence supports the verdict of the jury even though some of the evidence may be circumstantial in nature. The evidence was not only consistent with guilt, but was inconsistent with every reasonable hypothesis of in-

**40**

nocence. It is true that mere presence at the scene of a crime does not establish guilt. State v. George, 95 Ariz. 366, 390 P.2d 899. The defendant was identified by two witnesses as being present at the scene of the crime prior to and during the robbery. The automobile was parked at the side of the building even though the parking area in front of the store was empty prior to Land's arrival. Immediately after the crime was committed, a customer went outside of the market and saw a cloud of dust from which might be inferred that an automobile had just departed from the area.

Defendant was found at a home later that evening in the company of the two men who were identified as the individuals who were inside the market and actually participated in the crime. The weapon used in the crime was discovered on the grounds of the house. The defendant's vehicle was definitely placed at the scene of the crime and defendant was identified by two witnesses as the driver.

While some of the evidence that defendant participated in the robbery is circumstantial, there was direct evidence that he was at the market while the robbery was in progress. The cumulative effect of the evidence surpassed mere suspicion or mere probability of guilt and it was of cogent and convincing nature. Each fact is incapable of explanation upon any other rational hypothesis than that of guilt.

The jury chose to disbelieve defendant's alibi witnesses, and this Court is not concerned with mere conflict of evidence if there is substantial evidence in support of the verdict and judgment. State v. Rivera, 94 Ariz. 45, 381 P.2d 584.

We hold that the trial judge did not err in refusing to grant a directed verdict at the close of the state's evidence or at the close of all the evidence.

Judgment affirmed.

STRUCKMEYER, C. J., and McFARLAND, J., concur.