PEARSON, Judge.
The appellant was convicted of bookmaking and operating a gambling room. This appeal concerns itself only with the conviction for the operation of a gambling room, which was charged pursuant to § 849.01, Fla.Stat. (1965), F.S.A. This statute provides that one who by himself or agent “ * * * keeps, exercises or maintains a gambling table or room * * shall be guilty of the crime.
The case made by the State established (1) that the defendant was the only one present in the room when the police broke in; (2) that phone calls were received in which the caller wished to place a bet and asked for “Joey”.
While these facts are persuasive to the ordinary mind that the appellant, Joseph Spina, was actually operating the room, they are not sufficient as legal proof to sustain a criminal conviction. The rule is that circumstantial evidence to be sufficient to sustain a conviction must be such that the only reasonable implication is that of guilt. Harrison v. State, Fla.App.1958, 104 So.2d 391; LaMonte v. State, Fla.App.1962, 145 So.2d 889.
This conviction must be reversed upon the failure of the State to prove that the defendant either owned or controlled the gambling room. See Creash v. State, 131 Fla. Ill, 179 So. 149 (1938); Stanger v. State, Fla.App.1960,117 So.2d417.
Reversed.