PIERCE, Judge.
Appellant Joseph Garcia appeals to this Court from a judgment of conviction and sentence entered and imposed by the Pinel-las County Circuit Court after trial upon an information charging him with breaking and entering an automobile with intent to commit petit larceny, resulting in an adverse jury verdict.
Certain alleged procedural errors are urged to this Court for reversal but they are insubstantial and require no comment. The only contention with which we are concerned, but seriously so, is the general insufficiency of the evidence to sustain the guilty verdict. The evidence is brief and may be summarized as follows:
On February 15, 1967, at about 1:30 o’clock in the afternoon, one Miss Cilista I. Quick parked her car on Belleair Beach, Pinellas County, locked it, left her pocketbook in the car, and went for a stroll on the beach with a friend. Returning in less than an hour she found the doors to her car unlocked and her pocketbook missing. In the pocketbook were cards such as her driver’s license, her medicare and social security cards, a small alligator wallet, some loose change, and the keys to her apartment and letter box. She had no idea who had molested her car and belongings.
Six days later, on February 21, 1967, Lloyd M. Younglove, a Tampa police officer, was standing at the corner of Frank *210 lin and Zack Streets, in downtown Tampa, Hillsborough County, at about 10:20 P.M., when a Pontiac car drove up and, according to Younglove, appellant Garcia “jumped out of the car and ran over to me * * * another gentleman and lady got out of the car and they had been having a hassle in the car — fighting. All of them approached me and gave me their stories.” Younglove placed all three of them “under arrest for disturbance” and, after being searched, they were placed in a patrol car of Officers Munsey and Peralta who had approached the scene. Munsey searched Garcia, finding on him a cigarette lighter, some cigarettes, a comb, a wallet, and three motel keys, all of which he gave back to Garcia “when it was determined they were not weapons.” Officer Munsey asked Garcia “how come he had three motel keys in his pocket, and I forget what Ms explanation was”. Later Garcia was removed from the patrol car and put in the rear of the “paddy wagon”. Shortly thereafter the three motel keys were found “down behind the seat” of the patrol car where the three arrested people had been sitting. One of the keys was to Miss Quick’s apartment at the Yacht Basin. The other two were from a Howard Johnson Motel and a Skyline Motel.
The foregoing is the State’s entire case. We hold it was legally insufficient to sustain the verdict finding Garcia guilty of breaking into Miss Quick’s automobile and stealing her purse. Garcia did not testify, relying upon the weakness of the case against him. The Yacht Basin key was introduced in evidence and, while at first purportedly identified by Miss Quick as being her apartment key, she finally said that “it looks like that key”, admitting that she had had the lock changed on her apartment door immediately after the robbery. But even assuming it was her key, the evidence would still be insufficient. Garcia could have had possession of it in innumerable ways, perfectly legitimate. It did not necessarily mean that he acquired it by breaking into her automobile a week before at a place forty miles away. He was never physically identified or connected with the robbery or even with the automobile. He was never at any time in Pinellas County, so far as the record shows.
And it is highly significant that the officers “could not remember” how Garcia explained his possession of the keys. Officer Munsey’s exact words were “I forget what his explanation was”. This challenges one’s credulity. It seems incredible that experienced police officers, all three of them, could so completely (we almost said conveniently) forget such an important item of evidence.
It is true that recent decisions of this and other appellate Courts have watered down considerably the requirement that a plausible explanation be presently given for possession of recently stolen property. Carpenter v. State, Fla.App. 1968, 213 So. 2d 738; Young v. State, Fla.App.1967, 203 So.2d 650. However, it does not at all follow that a person so found in such possession may not voluntarily offer such explanation. And apparently that is exactly what Garcia did here. And if the officers blandly could not recollect what his explanation was it is not unreasonable to assume that it was exculpatory.
The law of circumstantial evidence — and this case lies squarely in that category — is that the circumstances relied upon must be not only consistent with guilt, but inconsistent with innocence; and must even go further by excluding every reasonable hypothesis except that of guilt. And mere suspicion — and even strong suspicion — is not sufficient, because it is the absolute exclusion of every reasonable hypothesis of innocence that endows circumstances alone with the force and effect of guilt. Williams v. State, Fla.1962, 143 So.2d 484; Driggers v. State, Fla.1964, 164 So.2d 200; Davis v. State, Fla.1956, 90 So.2d 629; Mayo v. State, Fla.1954, 71 So.2d 899; Forbes v. State, Fla.App.1968, 210 So.2d 246; Douglas v. State, Fla.App.1968, 214 So.2d 653; Smith v. State, Fla.App. 1967, *211 194 So.2d 310; Holley v. State, Fla.App. 1965, 179 So.2d 577.
As before stated, the evidence never placed Garcia anywhere in Pinellas County when the automobile was broken into. On the contrary, one John Pizzotta placed Garcia in Miami, where Pizzotta owns and operates a lounge, all day on February 15th, 1967, the day the Quick car was broken into. Pizzotta recalled the date as being the day after his mother’s birthday which was Valentine day, February 14th.
The judgment appealed is reversed.
LILES, A. C. J., concurs.
MANN, J., concurs specially with opinion.