PER CURIAM.
The appellant was charged by information, tried by a jury, and found guilty of second degree murder. He was sentenced to twenty years in the state penitentiary. On this appeal he argues that the evidence was insufficient. We have examined the record in the light of the briefs and hold that the evidence is sufficient to support the verdict.
The appellant contends that the evidence against him is circumstantial in that no one actually saw him aim the revolver and fire the shot. He further argues that he has presented two reasonable hypotheses of innocence. The first assumes that the fatal shot could have come from another car on the roadway at the same time and near the place of appellant’s car. The second theorizes that the shot could have been fired by a sniper from a nearby motel.
The appellant was identified and placed at the scene of the shooting by witnesses who recognized him by the clothing he wore. He later admitted his presence there. After his initial denial, it was proved that appellant possessed a pistol prior to the time of the shooting. He denied having a pistol at the scene of the crime and said that he had lost it in the Everglades. There was eye witness testimony as to a traffic incident and heated quarreling between the appellant and the deceased a few minutes before the shooting. The deceased was heard to scream at the time of the shot, “Shoot — conyo [1] shoot.”
Appellant raised certain implications concerning the path of the bullet through the body of the deceased and into the truck in which decedent was riding. , The value of these inferences was for the jury and was properly decided by them. In our opinion, the case presented by the State sufficiently explains the path of the bullet.
The law applicable in cases such as this one has been articulated by the Supreme Court of Florida in Davis v. State, Fla.1956, 90 So.2d 629. In that case, the Court stated:
‡ % ‡ ^ *
“When the State relies upon purely circumstantial evidence to convict an accused, we have always required that such evidence must not only be consistent with the defendant’s guilt but it must also be inconsistent with any reasonable hypothesis of innocence. Head v. State, Fla.1952, 62 So.2d 41; Mayo v. State, Fla.1954, 71 So.2d 899.
“Evidence which furnishes nothing stronger than a suspicion, even though it would tend to justify the suspicion that the defendant committed the crime, it [sic] is not sufficient to sustain conviction. It is the actual exclusion of the hypothesis of innocence which clothes circumstantial evidence with the force of *731 proof sufficient to convict.” (Emphasis supplied)
* * * ❖ *
A person charged with a crime may be convicted solely on the basis of circumstantial evidence. Lowe v. State, 90 Fla. 255, 105 So. 829 (1925); Trimble v. State, Fla.App.1958, 102 So.2d 738. In the case at bar, the jury was entitled to conclude that the circumstantial evidence was consistent with defendant’s guilt and inconsistent with every reasonable hypothesis of innocence. In Trimble, supra, the defendant was tried by jury and found guilty of manslaughter. The State’s case was based on circumstantial evidence. In affirming the judgment, the court stated:
******
“It is this last opinion evidence which appellant claims raises a reasonable hypothesis that another automobile actually struck the deceased and caused the fatal injuries, and that if appellant struck the decedent it was after she had already been knocked down by another automobile. The appellant argues that since such a reasonable hypothesis exists, he should have been exonerated in that the law in Florida as stated in Savage v. State, 152 Fla. 367, 11 So.2d 778, is to the effect that the State may prove the guilt of the accused by circumstantial evidence, but, where the evidence relied upon for conviction is entirely circumstantial, the law requires that such evidence, as a whole, must be so strong, cogent, and convincing as to exclude any reasonable hypothesis, except that of the defendant’s guilt.

“While we recognize the rule as stated in Savage v. State, supra, we hold that the evidence here met that standard. See Lopez v. State, Fla.1953, 66 So.2d 807. It is not necessary to sustain a jury’s verdict in a manslaughter conviction that the State present an eyewitness to the actual striking of the blow.”

(Emphasis supplied)
>¡< >¡< % ‡ ‡
See McBride v. State, Fla.App.1966, 191 So.2d 70; also see State v. Williams, 183 Neb. 257, 159 N.W.2d 549 (1968); State v. Thompson, 101 Ariz. 38, 415 P.2d 566 (1966).
Affirmed.

. The word “conyo” was testified to be an untranslatable curse word.