PER CURIAM.
Defendant, Walter Miller, appeals to this court from a non-jury conviction of robbery and a five year sentence. Two questions are raised for our consideration: first, whether the circumstantial evidence presented at trial was sufficient for conviction and second, was the sentence imposed illegal because the trial judge was prejudiced by defendant’s juvenile record.
A person charged with a crime may be convicted solely on the basis of circumstantial evidence. Lowe v. State, 90 Fla. 225, 105 So. 829 (1925); Navarro v. State, Fla.App.1972, 262 So.2d 729; Trimble v. State, Fla.App. 1958, 102 So.2d 738. To be sufficient for conviction the circum *424 stantial evidence presented at trial must be consistent with the accused’s guilt, inconsistent with innocence and must exclude every reasonable hypothesis except that of guilt. Terzado v. State, Fla.App.1970, 232 So.2d 232; Rhoden v. State, Fla.App. 1969, 227 So.2d 349; Garcia v. State, Fla.App. 1969, 227 So.2d 209; Forbes v. State, Fla.App.1968, 210 So.2d 246; Williams v. State, Fla.App. 1968, 206 So.2d 446; Spina v. State, Fla.App. 1967, 203 So.2d 20.
In the instant case the complaining witness stated that upon returning home one evening she was rushed by a black man approximately 5 feet 10 inches tall in a white short sleeve shirt who snatched her purse. Another witness stated that he saw a black man in a white T shirt leave the victim’s house and get into a back seat of a car with two other black men. A description of the car and its license number was given to the police who later discovered the car and kept it under surveillance. Another man dressed differently from the suspect got into the automobile, but when the vehicle was stopped the victim’s purse was found on the back seat next to the defendant whose physical description and mode of dress matched the reports given by the witnesses. This evidence adduced at trial in the case sub judice was sufficient for conviction in view of the above requirements; therefore, defendant’s first argument is without merit.
The remaining issue before this court deals with defendant’s allegation of prejudice on the part of the trial judge. Defendant contends that his juvenile record was reviewed by the judge and as a result the judge was prejudiced against defendant and the sentence imposed was unduly punitive and severe. Defendant’s argument is not well taken because a review of the record discloses that the judge did not consider or use the juvenile record when defendant was sentenced.
For the foregoing reasons, the judgment and sentence herein appealed are affirmed.
Affirmed.