291 So.2d 111 (1974)
Andrew David HILDING, Appellant,
v.
STATE of Florida, Appellee.
No. 73-221.
District Court of Appeal of Florida, Fourth District.
February 15, 1974.
*112 Joe M. Mitchell, Jr., Melbourne, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Basil S. Diamond, Asst. Atty. Gen., West Palm Beach, for appellee.
WALDEN, Judge.
Defendant was tried by jury and found guilty of the possession of a narcotic drug (cocaine). He appeals from the resulting judgment and sentence. We reverse because the proofs were insufficient at law to sustain the conviction.
There are two actors: the defendant and his wife. It is important to distinguish between them with reference to the incriminating sequence of events.
What did the wife do? She:
1. Rented Post Office Box 791 in the town of Eau Gallie in her name only.
2. Received and accepted delivery of a letter (an envelope containing a Christmas card and packet of cocaine) addressed to her and placed in her box.
3. Placed the letter in her purse and departed the post office premises in a motor vehicle driven by the husband.
4. Was arrested a short distance away with the letter (and enclosed contraband) still sealed in her purse.[1]
What was the defendant's complicity? There is no showing of the husband's knowledge of the contraband or possession of same and complicity, except the following.
When the wife entered the motor vehicle after accepting the letter, the defendant said, "Did you get it?" The wife said, "I got it." The defendant said, "We finally got it," and they shouted.
After arrest the defendant made a statement to a police officer which was placed before the jury. The officer testified:
"A. Yes, sir. During the course of the conversation, the conversation concerned cocaine. And I was referring to cocaine as cocaine and as stuff, meaning the same thing, and during the course of the conversation, I asked Mr. Hilding how much stuff had come prior to this envelope, *113 and he answered to the effect that one envelope had arrived at the residence at 224 South Smathers Circle, and that was the only one that had arrived. And I asked him what happened to it. And he said, I believe his words were, I did it. And I said, do you mean you used it, and he said, yes.
"Q. Mr. Sprague, do you recall any conversation concerning post office boxes?
"A. During the course of that same conversation, Mr. Hilding said that the first  that a parcel envelope had arrived at the South Smathers Circle residence, And he said that this seemed risky, and therefore, other arrangements were made.
"Q. Did he say what those arrangements were?
"A. He said  I don't remember the exact words, but it was to the effect that post office box was opened for the cocaine."
The above is the sum total of the state's case against the husband.
Defendant objects to the admission of the post arrest statement, but we are of the opinion that his position is here unsound. The evidence appears to be admissible under the "Williams Rule" as dictated in Williams v. State, Fla. 1959, 110 So.2d 654.
However, we are persuaded that his Point II, dealing with his knowledge and possession is sound and merits reversal.
It is, of course, necessary for the state to prove knowledge beyond a reasonable doubt by proof that he knew that the letter in his wife's purse contained cocaine. Rutskin v. State, Fla.App. 1972, 260 So.2d 525; Schaufele v. State, Fla.App. 1972, 269 So.2d 400. Likewise, it was incumbent on the state to prove, since defendant did not have actual possession, that he had constructive possession. This means that he knew the letter in his wife's purse contained cocaine and that he had the ability to maintain control over it or to reduce it to his own physical possession. Evans v. United States, (9 Cir.1958) 257 F.2d 121; Langdon v. State, Fla.App. 1970, 235 So.2d 321; Chariott v. State, Fla.App. 1969, 226 So.2d 359; Markham v. State, Fla.App. 1968, 210 So.2d 486; Frank v. State, Fla.App. 1967, 199 So.2d 117.
The state does not dispute the above requirements, but nakedly maintains that the husband-wife colloquy to the effect that they got "it," coupled with the defendant's post arrest statement, provides the requisite proof.
An inference that defendant had knowledge should achieve persuasive status only when it is more likely than not that the action from which the inference is derived supports that inference. Circumstantial evidence in a criminal case must be inconsistent with innocence to support a conviction. Wright v. State, Fla.App. 1966, 182 So.2d 273; Spina v. State, Fla.App. 1967, 203 So.2d 20; Frank v. State, Fla. 1935, 121 Fla. 53, 163 So. 223. It follows that an inference cannot support a finding of knowledge because as to the word "it" the interpretations are countless. The term might indeed refer to cocaine; it could equally refer to the innocent Christmas card. We fail to see how, as a matter of probative evidence, the reference could be deemed to prove knowledge or possession of contraband in any way, shape or form.
Now to the statement allowed into evidence, it inexactly reflects that on one prior occasion cocaine had been mailed to defendant's residence (the date is not established) and that defendant had used it. Then, again inexactly, it was reported that defendant said that a post office box had been opened because of risk at having contraband mailed to the residence. These statements, to be sure, create suspicion. However, try as one might, there is a total lack of confession and self-incrimination on the part of the defendant as concerns the instant charge. The uses and qualifications of collateral crime evidence under Williams are well known; such evidence may prove *114 method and aid in identification. We have, however, been shown no example where the state, being unable, and totally so, to prove the essential ingredients of a charged crime (herein, knowledge and possession), is permitted to supply those ingredients by vague reference to an earlier similar occurrence, which happened at some unstated time.
We reverse upon the above cited authority and remand with instructions to discharge the appellant.
Reversed and remanded.
DOWNEY, J., and FARRINGTON, OTIS, Associate Judge, concur.
NOTES
[1] The wife was tried as a co-defendant by jury on a like possession charge and acquitted.