532 P.2d 536

**STATE of Arizona, Appellee,**

v.

**Jack Steven FAIR, aka John Randall,
Appellant.**

**No. 1 CA–CR 764.**

Court of Appeals of Arizona,
Division 1,
Department A.

March 13, 1975.

Bruce E. Babbitt, Atty. Gen., by William J. Schafer, III, Asst. Atty. Gen., Phoenix, for appellee.

F. M. Aspey, Flagstaff, for appellant.

## OPINION

FROEB, Judge.

The determinative issue on this appeal is whether the State produced sufficient evidence of the crime charged to allow it to be considered by the jury.

The defendant was charged and convicted of driving while under the influence of intoxicating liquor while his license was revoked, in violation of Arizona Revised Statutes, § 28–692.02. The crime was treated as a felony by the court and the defendant was sentenced on June 24, 1974, to a term of three to five years in the Arizona State Prison, from which judgment of conviction and sentence the defendant now appeals.

The trial was held on June 13, 1974, in the Coconino County Superior Court. The state presented the testimony of three witnesses: Officer Hartwell, Officer Knapp

and Gloria Kobzeff. The State also attempted to present the testimony of Woody Billie, a Navajo Indian policeman, and Trevan Leroy Woolbright, an officer of the Department of Public Safety, to establish that the defendant had been driving or in control of the vehicle as charged by the State. The names of these witnesses were first revealed by the State to the defendant on the day of the trial and not before. The defendant objected to their testimony on the ground that they had not been disclosed as possible witnesses and they were excluded from giving testimony by the court. Thereupon, the State moved that the case be dismissed without prejudice so that it might be refiled at a later time. Before the court's ruling, the motion was withdrawn and the case went to trial.

At the close of the State's case, the defendant moved for judgment of acquittal on the ground that the State had failed to establish sufficient evidence that the defendant was either driving or in actual physical control of the vehicle on March 5, 1974. The motion was denied. After consideration of the evidence in the record, we find the motion should have been granted and reverse the judgment of conviction and sentence.

The evidence is as follows: Steven Hartwell was an officer of the Department of Public Safety on March 5, 1974, and was assigned to an area of duty from the junction of Highway 164 with Highway 89 to Cameron Junction. He received notice from another officer, Charles Knapp, that a car was on fire at the junction. Upon arrival at the scene, a pickup truck was off the road, on fire and on its side. The defendant was not in the vehicle when Hartwell arrived, but rather in the back of a Navajo police paddy wagon nearby. A check of the vehicle at the scene revealed that it was registered to the defendant's mother, Mona C. Fair. One full and one partially full can of beer were found in the vehicle. Officer Knapp, also an officer of the Department of Public Safety, was stationed at Cameron, Arizona, patrolling between Flagstaff and U. S. 89–164 junction. Having been alerted, he also proceeded to the scene of the burning car. There were several people in the area when both Officer Knapp and Officer Hartwell arrived, including members of the Navajo Police Department. The defendant remained in the Navajo police vehicle while the officers investigated the scene and was then transported to Flagstaff. Both officers admitted they had not seen the defendant either driving the vehicle or in actual physical control of it. No witness testified that the defendant had been seen either in or near the vehicle. On the way to the Flagstaff hospital in the police vehicle, the defendant complained about chest and other infirmities, according to Officer Knapp. There was also evidence that the defendant was sick and had been vomiting, presumably from his state of intoxication to which there was also testimony.

While the State need not show that the defendant was actually driving the vehicle, there must be evidence that he was in control of it. There is none, however, in the record. It is true that this element of the crime may be shown by circumstantial evidence. Circumstantial evidence is the assertion of the existence of some fact from which the existence of a fact in issue may be reasonably and logically inferred. State v. Thompson, 101 Ariz. 38, 415 P.2d 566 (1966). In the case before us, however, the facts and circumstances do not reasonably infer that the defendant was either driving or in control of the vehicle. It is suggested but not proven. In fact, there is no showing that the defendant was present when the wrecked vehicle was found. The fact that the defendant was in the Navajo police paddy wagon nearby does not provide the missing inference. Moreover, ownership of the vehicle by the defendant's mother is likewise too indirect to infer the defendant's guilt, as is evidence of the defendant's state of intoxication. Evidence of complaints by the defendant of chest infirmities is likewise unavailing since they could relate to the vom-

iting and feeling of malaise which would accompany a state of intoxication equally as much as impact from the one-car accident.

For these reasons, we hold that the evidence presented by the State in this case was insufficient to establish that the defendant was either driving or in control of the vehicle and that, therefore, the motion for acquittal should have been granted. There are other assignments of error argued by the defendant, but in view of our holding it is unnecessary that they be considered.

Reversed.

OGG, P. J., and DONOFRIO, J., concur.