WALDEN, Chief Judge
(dissenting):
Defendant was convicted of attempted grand larceny based upon circumstantial evidence. I would reverse because the evidence was insufficient as a matter of law to support the judgment because the essential allegations of the charge were not proven “beyond and to the exclusion of every reasonable doubt.” Criminal Florida Standard Jury Instruction 2.03.
The rule by which we are bound in circumstantial evidence cases is:
“to take the view . . . must [sic] favorable to the government, and to question whether the reasonable inferences to be drawn from such evidence are inconsistent with every reasonable hypothesis of innocence.” Williams v. State, 206 So.2d 446 (4th DC A Fla.1968).
Also, Criminal Florida Standard Jury Instruction 2.13 correctly portrays the same requirement in more detail:
“2.13 CIRCUMSTANTIAL EVIDENCE

“Elements of Proof

“1. The circumstances themselves must be proved beyond a reasonable doubt;
“2. The circumstances must be consistent with guilt and inconsistent with innocence;
“3. The circumstances must be of such a conclusive nature and tendency that you are convinced beyond a reasonable doubt of defendant’s guilt (the fact to be proved).
“If the circumstances are susceptible of two equally reasonable constructions, one indicating guilt and the other innocence, you must accept that construction indicating innocence.”
Here there was a reasonable hypothesis of innocence. The stolen property was 1,269 feet of telephone cable. No one observed the taking and defendant was never placed closer than five miles to the theft site.
A state’s witness testified that defendant told him in a bar that he had found some cable by the side of the road and enlisted the aid of the witness in retrieving it. The two of them went to the location of the cable, which was five or more miles from the theft site. They began to tow it with a truck. The length of this cable was at most only half the length of the cable stolen' and there is no testimony as to what happened to the missing cable or how the cable recovered by defendant and the witness came to be located five or more miles distant from the job site.
An officer observed the defendant and the witness helper dragging the cable. Defendant explained falsely that he was relocating the cable for a plumbing company. When the officer returned after a checkout, defendant had abandoned the cable.
The essential elements of the charge to be proven were:
(1) Did unlawfully get possession and control of the property of Southern Bell by taking without Southern Bell’s consent ;
(2) with the intent to permanently deprive the owner of the possession of the property.
On the one hand, from the proofs it could be that defendant was guilty by the *411 naked reason of his unexplained possession of recently stolen property, State v. Young, 217 So.2d 567 (Fla.1968).
On the other hand, as a hypothesis of innocence, and at least equally acceptable, someone other than defendant took the 1,269 feet of cable and abandoned half or more of it alongside the road, after transporting it some five or more miles from the place of taking. The defendant discovered it abandoned there and went to a bar to get someone to help him salvage it.
I think there was a legal insufficiency of proofs and would reverse upon authority of McGuire v. State, 288 So.2d 271 (4th DCA Fla.1974); Lockett v. State, 262 So. 2d 253 (4th DCA Fla.1972); Garcia v. State, 227 So.2d 209 (2nd DCA Fla.1969); Lampley v. State, 214 So.2d 515 (3rd DCA Fla.1968) ; Williams v. State, 206 So.2d 446 (4th DCA Fla.1968).
I therefore dissent.