IKE GASTON v. STATE.

184 So. 150.
Division B.
Opinion Filed October 12, 1938.
Rehearing Denied November 9, 1938.

*A. P. Buie,* for Plaintiff in Error.

*Cary D. Landis,* Attorney General, and *Tyrus A. Norwood,* Assistant Attorney General, for the State.

PER CURIAM.—The plaintiff in error, Ike Gaston, hereinafter referred to as the defendant, was informed against in two counts by the State Attorney of Marion County, Florida. One count charged the sale of bolita tickets, which were evidence of an interest in a lottery scheme. The second count is similar to the first count except that it charged the sale of Cuba tickets. A bill of particulars was by an order of the court filed in the case. The defendant upon arraignment filed a plea of not guilty, and the issues were submitted to a jury under appropriate instructions which returned a verdict of guilty. The State elected, during the progress of the trial of the case, to stand on the second count of the information. A motion for a new trial was made and by the trial court overruled. The defendant was sentenced to pay a fine of $500.00 and costs of the prosecution and in default thereof that he be confined to the

State Prison at hard labor for a period of one year. The defendant perfected his appeal to this Court and assigns twenty-seven reasons for the reversal of the said judgment. These twenty-seven assignments are in the brief of plaintiff in error presented to this Court in four separate and distinct questions.

The first question is: Where a bill of particulars has been demanded, and, under order of the court delivered to the defendant by the State, may the State Attorney go outside of the limits (as to the time of the alleged crime) set by the bill of particulars (so granted) and introduce evidence in support thereof during the progress of the trial of the cause? Counsel for plaintiff in error cites numerous decisions of this Court controlling bills of particulars in criminal cases, the leading cases being: Thalheim v. State, 38 Fla. 169, 20 So. 938; Mathis v. State, 45 Fla. 46, 34 So. 287; Rast v. State, 79 Fla. 772, 84 So. 693, and other cases. It is clear that the law is well settled by the decisions of this Court cited by counsel. The sale of the Cuba tickets, according to the bill of particulars, was made by the defendant to Hattie Wynn at or near her home at 429 West Oklawaha Street, Ocala, Florida, on February 23, 1937. The witness, Hattie Wynn, testified that she bought parts of Cuba tickets Nos. 14, 23, and 91 on February 23, 1937, and paid the defendant ninety cents therefor and the same were by the defendant delivered to her at her home about 10:00 o'clock on February 24th, 1937. It is contended that there is a fatal variance in the proof of the time of the alleged sale. The trial court was careful to see that the rights of the defendant were fully protected by giving liberal instructions to the jury on this point on its own volition and at the request of defendant's counsel. This assignment is without merit.

The second question for decision here is: Is the evidence adduced at the trial on the part of the State sufficient to sustain a judgment against plaintiff in error? An impartial jury heard all the evidence adduced, argument of counsel, and charge of the court upon the law of the case and then rendered a verdict of guilty. The trial court refused to disturb the verdict when it passed upon the motion for a new trial. We have carefully considered all the evidence adduced at the trial with this assignment before us. It has been held that this court will not disturb a verdict supported by evidence where its propriety depends on the weight of circumstantial evidence or the credibility of witnesses. See May v. State, 89 Fla. 78, 103 So. 115; Dunaway v. State, 90 Fla. 142, 105 So. 816; Dickens v. State, 50 Fla. 17, 38 So. 909.

The third question for decision is: Did the court err in refusing to strike out the following statement of the State Attorney made while addressing the jury during the progress of the trial of the case, to-wit:

" 'Now, Gentlemen of the jury, in conclusion I just want to leave this one thought with you. When a person is suffering from a malignant disease, that person goes to the Doctor, and the Doctor, after a careful diagnosis performs an operation and cuts out that malignant growth, to the end that the person suffering, be restored to health again. Now then, Marion County, suffering from a malignant disease, is in the same position, you, Gentlemen of the Jury, are the Doctor, and it is up to you to perform the operation and cut out this malignant growth, or disease existing here, so that Marion County may be free of this malignant disease, this malignant racket.'

"That the above language was immediately objected to by defendants council on the grounds that the language was

outside the evidence, was highly prejudicial to the defendant and wholly unwarranted.

"That the Court refused to strike the statement, but instructed the Jury as follows:

" 'Gentlemen of the Jury, you are not to consider statement made by Attorneys in this case which are not based on the evidence herein.' "

Counsel for defendant cites many decisions of this Court wherein similar assignments have from time to time been considered. The law controlling this assignment is well settled. In the case of Tyson v. State, 87 Fla. 292, 100 So. 254, this Court said in substance that considerable latitude is allowed in arguments upon the merits of the case by counsel before the jury in so far as they consist of logical deductions from the evidence and fanciful play of their imaginations. We think the statements of the prosecuting attorney, *supra,* are fully sustained by the previous decisions of this Court. See Johnson v. State, 88 Fla. 461, 102 So. 549; Henderson v. State, 94 Fla. 318, 113 So. 689.

Counsel for defendant in error insists that the evidence adduced on the part of the State to show a sale of the Cuba tickets is insufficient in law to support a verdict in this case. We have carefully examined the evidence on this point and, while it is not only conflicting but in a manner rests upon the credibility of some of the witnesses, we are not authorized by the decisions of this Court to substitute our conclusions on the evidence for that of the jury, as the only question here is, was there sufficient evidence in the record to support the verdict as found by the jury. Our study of the evidence fully supports the findings of the jury in this case.

The trial court of its own volition and upon request of counsel fully instructed the jury as to the prerequisites of a sale. We have held that the charge as an entirety should

be considered on assignments predicated thereon and not on isolated portions. See Lewis v. State, 55 Fla. 54, 45 So. 998.

We have carefully considered each assignment of error presented, the entire transcript and briefs of counsel for the respective parties, and it is our conclusion that the defendant had a fair and impartial trial in the lower court and no error exists in the entire record and the case should be and is hereby affirmed. It is so ordered.

ELLIS, C. J., and WHITFIELD, TERRELL, BUFORD and CHAPMAN, J. J., concur.

BROWN, J., dissents.