412 So.2d 892 (1982)
WRIGHT & FORD MILLWORKS, INC. and Florida Farm Bureau Mutual Insurance Company, Appellants,
v.
Warren H. LONG and Beatrice Long, His Wife, Appellees.
No. 81-719.
District Court of Appeal of Florida, Fifth District.
March 24, 1982.
Rehearing Denied April 19, 1982.
Lester A. Lewis of Smalbein, Eubank, Johnson, Rosier & Bussey, P.A., Daytona Beach, for appellants.
Thomas R. Hess of Ossinsky, Krol & Hess, Daytona Beach, for appellees.
*893 COBB, Judge.
Appellee Long was injured by a motor which fell on his foot while he was on the premises of appellant Wright & Ford Millworks, Inc. Long filed a complaint against the millworks and its insurer. Millworks answered and raised affirmative defenses. The case was tried by a jury, which returned a verdict finding the millworks 75% negligent and Long 25% negligent. The jury assessed Long's damages at $82,000 and his wife's damages at $18,000. The millworks moved for a new trial. The trial court entered final judgment for Long in the amount of $61,500, and in favor of his wife for $13,500. The trial court also denied the motion for new trial. It is this final judgment that the millworks is appealing.
The key issue on appeal, as we see it, is the prejudicial effect upon the jury of the error by the trial judge in overruling defense counsel's objection to an improper closing argument by plaintiff's counsel.
That argument, and the objections and rulings thereon, are as follows:
PLAINTIFF'S COUNSEL: Now, when we talk about the issue of damages, we have set forth figures for the Jury which we feel are well-reasoned figures.
You know, we often hear we are going to apply our common knowledge or common experience.
You know, if we had James Garner or Paul Newman or someone who was in here on this accident  and let's use the example of Paul Newman.
Paul Newman in addition to being an actor is a race car driver. Right?
Every year he's out at the track and he drives race cars. And he uses a great part of his time healing [sic] and toeing to drive those cars.
And I'm sure if Paul Newman had his foot injured, he would be before this Jury asking for two and a half million dollars.
DEFENSE COUNSEL: That's improper argument. I respectfully object. That just has nothing to do with this lawsuit.
THE COURT: You may proceed.
PLAINTIFF'S COUNSEL: The latest case we can remember a month ago Carol Burnett recovered a judgment of one and a half million dollars. And 
DEFENSE COUNSEL: Same objection, Your Honor.
THE COURT: Overrule the objection.
PLAINTIFF'S COUNSEL: An article was published. It impuned her reputation. She was liabled. She was slandered.
She received a million and a half dollars.
Maybe we ought to ask Carol Burnett, you know. We'll wipe the record clean and all you have to do is let the motor drop on your foot and crush your foot. Will you trade that for a million and a half dollars?
You know, I'd like to know why we think we didn't ask this Jury for two and a half million dollars or one and a half million dollars or a million dollars or a half million dollars.
We asked this Jury for what we feel is a reasonable compensation for Mr. Long.
Now, I don't really know why the Warren Y. Longs and the Beatrice Longs here in Volusia County, Florida, should really be entitled to any less than anyone else.
I don't think that the injury to Mr. Long hurt him any less than it would Paul Newman or someone else.
We recognize the established principle, long acknowledged by the Florida Supreme Court, that attorneys are allowed wide latitude in jury argument. Gaston v. State, 134 Fla. 538, 184 So. 150 (1938). But that latitude, as noted in Gaston, should have some logical nexus in deduction or analogy to the evidence and the facts of the instant case. It is also an established principle that inflammatory or prejudicial remarks of counsel may be grounds for a new trial. Seaboard Air Line Railroad Co. v. Strickland, 88 So.2d 519 (Fla. 1956).
We fail to see any logical connection between Carol Burnett's punitive damage award against a national magazine for slander *894 and a compensatory damage award to Warren Long for simple negligence based upon an electric motor falling on his foot. In Mallory v. Edgar, 128 Fla. 812, 175 So. 863 (1937), the Florida Supreme Court held that it was reversible error for a trial judge to overrule an objection to a "comparative verdict" argument. Compare, Murray-Ohio Mfg. Co. v. Patterson, 385 So.2d 1035 (Fla. 5th DCA 1980), where there was no timely objection to the improper argument, hence no erroneous ruling by the trial judge reinforcing the impact of the argument upon the jury, and the issue was not preserved for appeal.
In Erie Ins. Co. v. Bushy, 394 So.2d 228 (Fla. 5th DCA 1981), where there was a contemporaneous motion for mistrial resulting from an improper closing argument suggesting punitive damages, which were not an issue in the case, and the motion was denied, this court found the argument "highly improper and patently prejudicial" and reversed and remanded for a new trial. Based upon this, and the other precedents cited above, we feel the same result is mandated here.
The appellant's remaining point on appeal, relating to the exclusion of impeachment evidence, is patently without merit.
Accordingly, this cause is reversed and remanded for a new trial.
REVERSED and REMANDED.
FRANK D. UPCHURCH, Jr. and SHARP, JJ., concur.