PER CURIAM.
Appellant seeks review of a final judgment for the defendants entered by the trial court pursuant to a directed verdict in a negligence action. In the alternative the trial court granted a new trial on all issues.[1] The final judgment was en *321 tered subsequent to a jury verdict finding for the plaintiff and awarding her $2,000,-000.00.
The plaintiff was a passenger in an automobile operated by the appellee, Carlos Guerrero, owned by the appellee, Gables Lincoln Mercury and insured by the appel-lee, Liberty Mutual Insurance Company. In the early morning hours of July 27, 1980, Guerrero was driving the vehicle north on Biscayne Boulevard nearing the northeast 42nd block entrance to Bay Point. At that point, Biscayne Boulevard is a divided street with 3 northbound lanes and 2 southbound lanes. A vehicle was traveling southbound on the Boulevard in the northbound lane closest to the median strip. Guerrero, who was allegedly looking at the plaintiff,[2] did not see the southbound vehicle until just before the two vehicles collided almost head on. The plaintiff suffered extensive injuries to her face and head in the accident necessitating extensive facial reconstruction and repairs. As a result thereof the plaintiff filed the instant suit against Martin, the driver of the southbound car, Guerrero, Gables Lincoln Mercury, and Liberty Mutual. She claimed Guerrero was negligent in failing to observe the road and to take evasive action in sufficient time to avoid the accident. The cause proceeded to a jury trial. The evidence as to liability on the part of Guerrero was in conflict. During closing argument plaintiffs counsel made a comment to the effect that the defendants should not have defended against the plaintiffs action but should have put $6,000,000.00 on the table and then explain why they were entitled to receive any of the money back. Objection was made, sustained and a curative instruction was given. The cause was sent to the jury and while it was deliberating the trial court directed a verdict for the defendants. After the verdict the defendants moved for an order setting aside the verdict and entry of a judgment in accordance with the motion for directed verdict. They moved in the alternative for a new trial.[3] After hearing on the motions the trial court entered the final judgment appealed. We reverse.
We find that the trial court erred in (1) directing a verdict in favor of the defendants when the record reveals evidence upon which reasonable men could differ, thereby raising a jury question on the issues of liability and damages, First National Bank of Jacksonville v. Dent, 404 So.2d 1123 (Fla. 1st DCA 1981); For-shee v. Peninsular Life Insurance Company, 370 So.2d 842 (Fla. 3d DCA 1979); McCabe v. Watson, 225 So.2d 346 (Fla. 3d DCA 1969), and, (2) in granting of a new trial on all issues. The new trial should have been granted only as to the issue of damages. Ford Motor Company v. Kikis, 401 So.2d 1341 (Fla.1981); Wright & Ford Millworks, Inc. v. Long, 412 So.2d 892 (Fla. 5th DCA 1982); Miller v. Dade County, 382 So.2d 851 (Fla. 3d DCA 1980).
*322 Therefore for the reasons above stated, the matter is returned to the trial court for a new trial on the issue of damages.
Reversed and remanded with directions.

. We approve and recommend such a procedure. Kilburn v. Davenport, 286 So.2d 241 (Fla. *321 3d DCA 1973); Kaufman v. Sweet Et Al Corporation, 144 So.2d 515 (Fla. 3d DCA 1962).

. Following is testimony from the plaintiff quoted from the record:
"Q And, would you tell me this time in as much detail as possible what he said to you?
A He said to me, I was not looking at the road.
Q Yes?
A He said, ‘I was looking at your legs.’"

. As a ground for new trial on damages, the trial court said the following:
“During closing argument, counsel for the Plaintiff argued to the jury that the Defendants, CARLOS GUERRERO, GABLES LINCOLN MERCURY, INC. and LIBERTY MUTUAL INSURANCE COMPANY, should not have defended against the Plaintiff’s action but rather should have gone to the Plaintiff and put 16,000,000.00 down on the table for her. This highly inflammatory remark suggested to the jury that the Defendants had no right to their day in court and also suggested to the jury that settlement negotiations with the insurance company had already taken place. Although the Court sustained an objection to this comment by counsel for the Defendant and instructed the jury to disregard it, the curative instruction could likely have failed to vitiate the prejudice visited upon the Defendants by the inflammatory comment and could likely have caused the jury to return a verdict against Carlos Guerrero out of sympathy for the Plaintiff and/or prejudice against the Defendants.”