474 So.2d 1214 (1985)
Linda WILLIAMS, As Personal Representative of the Estate of Andreas Harris, Appellant,
v.
Alois A. MEYER, State Farm Insurance Company, Eartha Brown Ferguson, and Teachers Insurance Company, Appellees.
No. 83-1806.
District Court of Appeal of Florida, Fifth District.
August 8, 1985.
Rehearing Denied September 5, 1985.
Leon M. Boyajan II of Law Offices of J. Russell Hornsby, P.A., Orlando, for appellant.
Frederick J. Daniels of Driscoll, Langston, Kane & Hess, P.A., Orlando, for appellees Alois A. Meyer and State Farm Ins. Co.
Corey R. Stutin of Rice, Steinberg & Stutin, P.A., Orlando, for appellee Eartha Brown Ferguson.
UPCHURCH, Judge.
This is an appeal from a judgment after jury verdict denying plaintiff recovery for *1215 the wrongful death of Andreas Harris, a child six years of age.
Andreas Harris lived with appellee, Eartha Ferguson, his paternal grandmother. On January 30, 1982, Mrs. Ferguson and Andreas were running errands. Mrs. Ferguson stopped her car at a fruit stand at the intersection of Clarcoma Road and Highway 435 in Orange County to make some purchases. She left Andreas in the car. Upon returning to her car, she closed her door and pulled onto Highway 435. Shortly after entering the highway, she realized the passenger door was open and Andreas was not in the automobile. She stopped her car and ran back down the road where she found that Andreas had been run over and killed by a car which was following her. That car was driven by Alois A. Meyer.
The personal representative of Harris' estate sued Meyer and his insurer and Mrs. Ferguson and her insurer. The trial court directed a verdict for Meyer and his insurer and a jury verdict was ultimately entered in favor of Ferguson and her insurer finding no negligence on Mrs. Ferguson's part.
As to entry of the directed verdict in favor of Meyer, we find no error. Where the evidence and reasonable inferences therefrom fail to prove the plaintiff's case, a directed verdict is appropriate. Hartnett v. Fowler, 94 So.2d 724 (Fla. 1957); Howarth v. Moreau, 430 So.2d 576 (Fla. 5th DCA 1983); National Car Rental v. Bruce A. Ryals Enter., 380 So.2d 529 (Fla. 5th DCA 1980). Here, there was no evidence that Meyer was aware a child was in the car or children were in the area. An expert witness testified that the child could have been seen by Meyer only if the child was in a sitting position or higher than six inches above the road. There was no evidence that the decedent was in a sitting position or at a height greater than six inches, or any other evidence from which a jury might conclude that Meyer could have avoided the accident.
As to the jury's verdict finding no negligence against Mrs. Ferguson, we also affirm.
AFFIRMED.
DAUKSCH and SHARP, JJ., concur.