WALDEN, Judge.
An automobile struck a pedestrian standing in the street. The pedestrian sued. The jury returned a verdict for the motorist. The pedestrian appeals. We reverse and remand for a new trial.
The street had five lanes, two of which were eastbound and two westbound. The fifth, the center lane, was a common turning lane. The pedestrian traversed the westbound lanes and stopped in the center lane. He noticed a car stopped in the driveway of the shopping center directly across the street. The turn signals were not activated and the pedestrian did not know if the driver intended to turn left or right.
While there is variation in the testimony as to how long in time the pedestrian had been stopped in the center-turn-lane, it is undisputed, according to the pedestrian and two eye-witnesses, the only witnesses to the event, that the pedestrian was halted in the center lane before and at the time he was hit.
The driver testified that he stopped for thirty seconds in the shopping center exit preparing to turn left into the westbound lane. He proceeded to make the turn and struck the pedestrian. The driver said the pedestrian was about six feet from his car when the driver first saw the pedestrian. There is no explanation as to why he was not observed earlier. Moreover, the driver did not testify that the pedestrian was moving at or before the time he was struck.
With this backdrop the trial court, over proper objection, gave this jury instruction:
No pedestrian shall suddenly leave a curb or other place of safety and walk or run into the path of a vehicle which is so *1183 close that it is impossible for the driver to yield.
The giving of this instruction was error for the simple reason that it was in nowise supported by the facts in evidence. Mirenda v. Steinhardt, 350 So.2d 499 (Fla. 4th DCA 1977), cert. denied 360 So.2d 1250 (Fla.1978); Pensacola Restaurant Supply Co. v. Davison, 266 So.2d 682 (Fla. 1st DCA 1972).
Perhaps a more difficult legal question is whether the jury was misled by the giving of this erroneous instruction so as to make the giving of it reversible error.
While we, of course, cannot plumb the jury’s minds, we do not have any problem here in believing that the matter was harmful so that the pedestrian must be accorded a new trial. In our opinion the conclusion is inescapable that the unwarranted instruction did confuse and mislead the jury because, based on the proofs, there is no hypothesis, even a strained one, that would support the jury finding that the driver was guilty of no negligence. However the proofs are assayed; they reflect that the driver was guilty of at least some negligence as a matter of law in not seeing the stationary pedestrian as the driver emerged from the shopping center exit until the pedestrian was six feet distant. City of North Bay Village v. Braelow, 469 So.2d 869 (Fla. 3d DCA 1985), and Veliz v. American Hospital, Inc., 414 So.2d 226 (Fla. 3d DCA 1982).
We reverse and remand for a new trial.
DELL, J., concurs.
ANSTEAD, J., dissents with opinion.