578 So.2d 855 (1991)
CITY PROVISIONERS, INC., et al., Appellants,
v.
Richard W. ANDERSON, Appellee.
No. 90-1047.
District Court of Appeal of Florida, Fifth District.
May 2, 1991.
Beth A. Moriarity, of Taraska, Grower, Unger and Ketcham, P.A., Cocoa, for appellants.
Christopher A. Bunker, Cocoa Beach, and Richard L. Eddington, Corpus Christi, Texas, for appellee.
GRIFFIN, Judge.
This is the appeal of a judgment in favor of the plaintiff in a personal injury action arising out of an automobile accident that occurred on Highway A1A in Cape Canaveral, Florida. Plaintiff below, a pedestrian standing in the median of A1A, was struck by a vehicle which, in turn, had been struck and impelled into the median by a truck owned by appellant, City Provisioners, and driven by appellant, Charley Dale Miller. Of the issues appellants have raised on appeal, we conclude that only one, improper closing argument by plaintiff, has merit.
The most improper argument made by plaintiff's counsel began with the following exchange during plaintiff's closing:
Plaintiff's Counsel: You don't have prescription bills. You know, he testified that prescriptions, the medications didn't work, and Wakim said he testified that he prescribed them. So, you know, these prescriptions weren't free. So when you add on these prescriptions 

*856 Defense Counsel: Your Honor, there's nothing in the evidence at all about prescriptions, nothing, or no future medicals for that.
Plaintiff's Counsel: Your Honor, Doctor Wakim testified about it. I told him they're not going to have that as evidence in there, but he testified.
The Court: He testified to it.
Indeed the record reflects that plaintiff's counsel had withdrawn his offer of the prescription bills because they were not properly authenticated. Dr. Wakim simply mentioned on a couple of occasions that he had prescribed a given medication, without reference to cost.[1]
Plaintiff's counsel then continued to explain damage awards to the jury:
It's what you guys give is what he's going to get. If you give him too much money, the judge can take away some of that money. It's to be  he can order remittitur or cut it down. If you don't give Mr. Anderson enough money, he can't order more money. This is the only shot.
Plaintiff's counsel was a Texas lawyer, admitted pro hac vice for this trial. His comments may be a correct statement of Texas law but they are not a correct statement of Florida law. Even if Florida's law of remittitur and additur were correctly summarized, it has no place in closing argument. Closing argument is an opportunity for counsel to discuss the evidence, not invite the jury to shift responsibility for their verdict to the judge.
The remaining improper comments made in closing, which were numerous, fall into a variety of categories, but the dominant theme is sympathy for the extreme poverty and lack of resources of the plaintiff and the injustice foisted upon the plaintiff by the cruel and overreaching conduct of the defendant in defending the lawsuit.[2] In some instances, these comments include expression of counsel's personal experiences or beliefs, evocation of "golden rule" or comparative verdict arguments, and reference to facts not in evidence. See Stokes v. Wet 'N Wild, Inc., 523 So.2d 181 (Fla. 5th DCA 1988); S.H. Inv. and Dev. Corp. v. Kincaid, 495 So.2d 768 (Fla. 5th DCA 1986), rev. denied, 504 So.2d 767 (Fla. 1987); Borden, Inc. v. Young, 479 So.2d 850 (Fla. 3d DCA 1985), rev. denied, 488 So.2d 832 (Fla. 1986); Russell, Inc. v. Trento, 445 So.2d 390 (Fla. 3d DCA 1984); Wright & Ford Millworks, Inc. v. Long, 412 So.2d 892 (Fla. 5th DCA 1982); Klein v. Herring, 347 So.2d 681 (Fla. 3d DCA 1977).
Appellee points out that appellants failed to object to several of the statements appellants now claim were improper. Appellants did pose three objections during plaintiff's closing, however, all of which the trial judge overruled on the ground that the comments were "argument". Additionally, as soon as appellee's counsel finished argument, counsel for the appellant moved for a mistrial based on the improper argument, but the motion was denied.
We conclude that the closing argument in this case was pervaded with a variety of attempts by plaintiff's counsel to improperly *857 influence the jury's decision. With the exception of the remittitur argument quoted above, each of the improper remarks of plaintiff's counsel in closing, standing alone, might be insufficient to warrant reversal of the jury verdict. Their cumulative effect, however, makes it impossible to say that the deliberations of the jury in this case were unaffected by the content of the improper argument. Moore v. Taylor Concrete & Supply Co., Inc., 553 So.2d 787, 792 (Fla. 1st DCA 1989). Because of the number and extent of these comments, we conclude the appellant is entitled to a new trial. However, because the jury's finding on liability was overwhelmingly supported by the evidence and because virtually all of the improper comments made to the jury related to damages, we order a new trial only on damages.[3]Grand Union Co. v. Devlin, 213 So.2d 488 (Fla. 3d DCA 1968), cert. denied, 222 So.2d 750 (Fla. 1969).
AFFIRMED in part; REVERSED in part; and REMANDED.
HARRIS and DIAMANTIS, JJ., concur.
NOTES
[1] For example: "We gave him a prescription for Talwin Nx and we advised him to check with us in three weeks."
[2] Provisioners just flat doesn't want to fess up to their legal responsibility. Why not? This is Mr. Anderson. If it was you or me or anyone else, we wouldn't be here. They would have accepted their little obligations.
* * * * * *
I don't think Mr. Anderson got run over and wiped out. Mr. Anderson goes to the emergency room hospital, cause he's indigent. He doesn't have money to go pay the doctor and go to doctors like you and I have. He's not a professional businessman. He's an uneducated shrimper. You got to treat him the same as everyone else. You're a jury of  he's entitled to a jury of his peers. You think Mr. Anderson looking here, he asked me he said boy, I don't know about that Jury. What do you think about that Jury? You know, he can't relate to you any more than you can relate to him. You know, if it was up to him, he'd like to have six laborers sitting up here that could relate to him. But you know, that isn't the way it is. You guys have to  you took a duty to, you are not to let sympathy, bias, or prejudice. Don't want you to be prejudiced against Mr. Anderson, because he's uneducated and he's been a laborer.
* * * * * *
Treat Mr. Anderson the same way you treat anyone else in this courtroom, same way you treat your banker or anyone else."
[3] In light of our ruling, the appellee's motion for attorney's fees based on its demand for judgment is denied as premature.