585 So.2d 1024 (1991)
Joseph E. RILEY and Irene Riley, Appellants,
v.
Juanita WILLIS, etc., et al., Appellees.
No. 91-143.
District Court of Appeal of Florida, Fifth District.
August 22, 1991.
*1025 David P. Rhodes of Haas, Boehm, Brown, Rigdon & Seacrest, P.A., Tampa, for appellants.
Charles J. Kahn, Jr. of Levin, Middlebrooks, Mabie, Thomas, Mayes and Mitchell, P.A., Pensacola, for appellees.
GOSHORN, Chief Judge.
Joseph Riley appeals a jury verdict finding him 60% liable for the damages incurred by Juanita Willis when she was struck by Riley's truck. Juanita was found 40% comparatively negligent for her own injuries. We find that three points raised by Riley require reversal and accordingly remand for a new trial.
The accident occurred on a bright, sunny day as Juanita Willis, a minor, and her sister Ebony walked along the side of Highway 50 in Brooksville with a dog between them. Juanita walked closest to the road. Just as Riley's truck pulled even with the girls, the dog, which was not leashed, darted toward the road. Juanita leaned into the road and was struck by the front of Riley's truck. Riley testified that he saw the two girls and slowed to about 35 MPH as he approached, but did not sound his horn or move to the left of his lane. After his truck pulled alongside the girls, Riley lost sight of the girls and did not see the dog bolt or Juanita bend into the road.

DIRECTED VERDICT
Riley seeks entry of judgment in accordance with his motion at trial for a directed verdict. A line of Florida decisions has established the principle that a "motorist is not an insurer of the safety of *1026 a pedestrian who thrusts himself into the vehicle's pathway." Bell v. A.A. Holiday Rent-A-Car, Inc., 304 So.2d 535, 536 (Fla. 3d DCA 1974). Such cases are known generically as "darting" pedestrian cases. In Bell, a directed verdict for a driver who hit a 13 year old was upheld on the basis that the child darted into traffic and the driver never saw her. The supreme court upheld a directed verdict for a driver who struck and killed a child in Preger v. Gomory, 55 So.2d 541 (Fla. 1951) because the driver, who was properly operating her vehicle, never saw the child, who apparently darted out into traffic from between parked cars. A similar situation occurred in Fernandez v. Kaba, 360 So.2d 34 (Fla. 3d DCA 1978), cert. denied, 367 So.2d 1123 (Fla. 1979) when a pedestrian hurriedly stepped out into traffic from between two parked cars and was hit. The driver testified that he could not avoid the accident even though he braked as soon as he observed the pedestrian. Summary judgment for the driver was affirmed. In Williams v. Meyer, 474 So.2d 1214 (Fla. 5th DCA 1985), a directed verdict was upheld for a driver who struck and killed a child he did not see.
A contrary result is reached, however, when a driver sees children or is aware that children frequent the vicinity. In Miami Paper Co. v. Johnston, 58 So.2d 869 (Fla. 1952), the supreme court ruled that the question of the negligence of a driver who struck a toddler he did not see was nonetheless properly submitted to the jury because the driver was aware that children were in the area. After making a delivery, the driver checked to see that it was clear behind him but failed to check in front of the truck before proceeding forward and hitting the child:
Under this state of facts, we think the question of negligence was properly submitted to the jury and whether or not the driver of the truck was negligent in not looking in front of the truck before he started was a jury question. He was on notice that many children lived and played about the trailer park, that it was a private enterprise and catered to families and that children were playing near when he parked the truck. It is a matter of common knowledge that small children are erratic and unpredictable, that they are liable to take off at any time and in any direction with no concern whatever for their own safety. The drivers of motor vehicles are charged with knowledge of their behavior and are expected to govern themselves accordingly when parking or driving about school grounds, recreation parks, residential communities, trailer parks and other places inhabited by or frequented by children. They are expected to anticipate children about such places and whether or not they exercise reasonable care in doing so is a question for the jury. The general rule supported by a wealth of authority is that one manipulating a motor vehicle on the highway, whether backing, starting, or proceeding ahead, must exercise reasonable care, circumstances being the guide as to what constitutes reasonable care. If he has reason to think that children may be near, reasonable caution requires that he be on the lookout for them... . [Citations omitted] [Emphasis added].
Id. at 870-871. See also Bilams v. Metropolitan Transit Authority, 371 So.2d 693 (Fla. 3d DCA 1979).
In the case at bar, Riley testified that he traversed Highway 50 every day, to and from work. He deliberately slowed from 45 to 35 MPH as he proceeded through the area where he struck Juanita because he was aware that children frequented the area. Riley saw Juanita well before he pulled even with her. Given these facts, and considering that Juanita apparently did not dart into the center of the lane but only leaned into the lane, the issue of whether Riley failed to use due care was for the jury to decide and the directed verdict motion was properly denied.

JURY INSTRUCTIONS
Riley asserts that an instruction governing a motorist's duty to avoid an obstacle was improperly given. The instruction contained section 316.081(1)(b), *1027 Florida Statutes (1987), which provides in relevant part:
(1) Upon all roadways of sufficient width, a vehicle shall be driven upon the right half of the roadway, except as follows:
(b) When an obstruction exists making it necessary to drive to the left of the center of the highway; provided any person so doing shall yield the right-of-way to all vehicles traveling in the proper direction upon the unobstructed portion of the highway within such distance as to constitute an immediate hazard ... [Emphasis added].
The controversy surrounding the instruction concerns the word "obstruction" and whether evidence of an obstruction hindering Riley was presented at trial. The term "obstruction" is not defined by Chapter 316. Black's Law Dictionary 972 (rev. 5th ed. 1979) defines "obstruction" as "A hindrance, obstacle or barrier."
The evidence presented at trial is unrefuted that at the time of the accident Riley's view was unobstructed and the road was clear. It is also unrefuted that Juanita did not bend into the path of Riley's oncoming truck until the truck was practically upon her. Prior to that moment, Juanita and Ebony were walking along the side of the road. The obvious inference from the instruction is that Juanita herself was an obstacle that Riley was statutorily obligated to avoid. Yet no testimony or other evidence was presented that Juanita posed an obstacle to the oncoming truck, making it necessary for Riley to drive to the left of the center of the highway.
Jury instructions must be supported by facts in evidence and an instruction not founded upon evidence adduced at trial constitutes error. Bessett v. Hackett, 66 So.2d 694 (Fla. 1953). Whether that error requires reversal depends on whether the improper instruction in some manner affected the jury's deliberations by misleading or confusing it. Barrier v. Duncan, 541 So.2d 631 (Fla. 1st DCA), review denied, 551 So.2d 461 (Fla. 1989). In Signo v. Phillip Morris, 487 So.2d 1182 (Fla. 4th DCA), review denied, 494 So.2d 1152 (Fla. 1986), the Fourth District reversed and remanded a verdict after finding that a jury instruction was erroneously given. The case involved a pedestrian struck by an automobile. The improper jury instruction provided that no pedestrian shall leave a curb or proceed into the path of a vehicle. The Fourth District concluded that this instruction confused and misled the jury in light of the fact that the evidence adduced at trial demonstrated that the pedestrian was stopped in the center of the road but was not observed by the driver until the driver was about six feet from the pedestrian. Likewise, the instruction at issue in the case at bar quite likely confused and misled the jury by creating the erroneous impression that Riley was obligated to somehow avoid Juanita when she reached out into the road and became an "obstacle" simultaneously with Riley's passing. The giving of the improper instruction requires reversal.
Riley also appeals the trial court's refusal to instruct the jury on Hernando County Ordinance 86-2, section 6-5, the local leash law:
The owner, harborer, keeper or person having custody or care of an animal shall ensure that:
(1) All dogs, except police dogs on active duty, shall be kept under physical restraint by a responsible person at all times while off the premises of the owner, harborer or keeper.
The trial court refused to grant the instruction because no evidence was presented that Juanita owned the dog. However, the ordinance is also applicable to a person who is a "harborer, keeper or person having custody or care of an animal." The record is undisputed that the dog was walking unleashed between Juanita and Ebony until it darted toward the road and Juanita tried to grab it. There is even some testimony to the fact that at one point Juanita was walking the dog along the road with her hand either on its collar or about its neck.
A party is entitled to have the jury instructed upon its theory of the case when there is evidence to support the theory. Seaboard Coastline Railroad Company v. *1028 Addison, 502 So.2d 1241 (Fla. 1987). In Orange County v. Piper, 523 So.2d 196 (Fla. 5th DCA), review denied, 531 So.2d 1354 (Fla. 1988), this court set forth three elements that must be met in order to establish that failure to give a requested jury instruction constitutes reversible error:
1. The requested instruction accurately states the applicable law,
2. The facts in the case support giving the instruction, and
3. The instruction was necessary to allow the jury to properly resolve all issues in the case.
Id. at 197. Riley's theory of the case attempted to show that, but for the girls' failure to walk the dog on a leash, the dog would not have darted toward the road and Juanita would not have lunged into Riley's oncoming truck. Riley's requested instruction sought to bolster his claim that Juanita's own negligence resulted in the accident; her failure to comply with the local leash law was a direct and proximate cause of her accident. Indeed, violation of a municipal ordinance is prima facie evidence of negligence. Ahrens v. Hayworth, 189 So.2d 163 (Fla. 2d DCA 1966).
Looking to the requisites of Piper, it is clear that the requested instruction properly set forth the existing law in Hernando County. Facts were in evidence tending to show that Juanita had custody or care of the dog at the time of the accident, thus supporting inclusion of the instruction in the jury's deliberations. Moreover, the instruction was necessary to allow the jury to properly resolve the question of Juanita's comparative negligence. See also Estate of Wallace v. Fisher, 567 So.2d 505 (Fla. 5th DCA 1990). The failure to give the requested instruction was reversible error.

REMARKS DURING CLOSING ARGUMENT
Riley also asserts that three remarks made by Juanita's counsel were so prejudicial and inflammatory that reversal is mandated. None of the remarks were objected to at trial, yet Riley contends the error created was fundamental. Initially, Juanita's counsel stated:
You think they'd be going just to the yellow line with two children and a dog there? I suggest to you out of that hundred there would be a whole lot that would be over in the left side where I think I would be ... [Emphasis added].
Counsel also made the following remark about witness Moore:
Drag her off the roadway? I don't think Mr. Moore was correct.
In his final argument, counsel asserted:
Let me  do you get the idea  have any of you gotten the idea that possibly here's a good man that has been trying to do the best he can to protect his side but also trying to trying to [sic] stick to the truth as best he can and would really like to say up there, folks, I really wasn't paying attention to what I should have. I'm sorry. It's my fault. I'm sorry. Did you get that idea he'd really like to be doing that but his lawyers are keeping him from it? I would suggest to you that's a possibility. [Emphasis added].
In Stokes v. Wet 'N Wild, Inc., 523 So.2d 181 (Fla. 5th DCA 1988) this court ruled that expressions by an attorney of his personal opinion create reversible error, even when no contemporaneous objection is provided:
In addition, a review of Wet 'N Wild's closing argument reveals numerous expressions of the attorney's personal opinion concerning the justness of Wet 'N Wild's defenses, the credibility of witnesses or the lack thereof, and Stokes' culpability as a civil litigant. For example, the attorney said he did not think Stokes' witnesses' testimony was reasonable. He did not like Stokes' expert witness and he thought he was misleading; he did not think Stokes' testimony was true.
Although not specifically objected to by Stokes' attorney, these comments were in breach of The Rules Regulating The Florida Bar, Rule 4-3.4, entitled: Fairness of Opposing Parties and Counsel. *1029 That rule provides that a lawyer shall not:
(e) In trial, allude to any matter that the lawyer does not reasonably believe is relevant or that will not be supported by admissible evidence, assert personal knowledge of the facts in issue except when testifying as a witness, or state a personal opinion as to the justness of the cause, the credibility of a witness, the culpability of a civil litigant, or the guilt or innocence of an accused.
The combined effect of counsel's improper comments warrants the reversal of the judgment in this case and award of a new trial.
Id. at 182. In the case at bar, Wet 'N Wild controls. The combined effect of several improper comments by Juanita's counsel provides an additional ground for reversal.
REVERSED and REMANDED for new trial.
PETERSON and GRIFFIN, JJ., concur.