640 So.2d 1156 (1994)
WALT DISNEY WORLD COMPANY, Appellant,
v.
Barry BLALOCK, as father and natural guardian of Luke Blalock, a minor, Appellee.
No. 93-2548.
District Court of Appeal of Florida, Fifth District.
July 1, 1994.
Rehearing Denied August 4, 1994.
*1157 Robert S. Hoofman, John H. Ward and John L. O'Donnell, Jr., of DeWolf, Ward, O'Donnell & Hoofman, P.A., Orlando, for appellant.
James K. Beckham of Law Offices of James K. Beckham and Karen J. Haas of Law Offices of Karen J. Haas, Miami, for appellee.
COBB, Judge.
Walt Disney World Company (WDW), the defendant below, was sued for damages as a result of an accident at one of its attractions, Pirates of the Caribbean, wherein the thumb of a ten year old boy, Luke Blalock, was amputated. There were no eyewitnesses to the incident who could testify exactly how the injury occurred. Luke himself was unable to remember. Circumstantial evidence indicated that the injury might have occurred when the boat in which Luke was a passenger bumped into the side of another passenger boat and the boy's hand somehow was caught between them.
Liability was vigorously contested throughout and the case was submitted to the jury on the issues of negligence, contributory negligence and damages. The jury found that WDW was completely at fault; that Luke Blalock was free of contributory negligence; and that the plaintiffs were entitled to damages in the aggregate amount of $881,895.00. A portion of the damage award  $279,200.00  was attributed by the jury to future medical expenses.
WDW has raised various issues on appeal. The dispositive one which requires reversal for a new trial is that issue dealing with the misconduct of counsel for the plaintiffs which culminated in a closing argument pervaded with inflammatory comments and the personal opinion of counsel, the cumulative effect of which negated a fair trial and requires a new one. Seaboard Air Line R.R. Co. v. Strickland, 88 So.2d 519 (Fla. 1956).
As we recently commented in Silva v. Nightingale, 619 So.2d 4 (Fla. 5th DCA 1993): "Improper comments made by counsel for both plaintiffs and defendants, especially in trials involving personal injuries, are arising as points on appeal with alarming and increasing frequency." The problem was addressed by the Third District in their opinion in Borden, Inc. v. Young, 479 So.2d 850 (Fla. 3d DCA 1985), rev. denied, 488 So.2d 832 (Fla. 1986). We agree with that opinion that "it is no longer  if it ever was  acceptable for the judiciary to act simply as a fight promoter, who supplies an arena in which parties may fight it out on unseemly terms of their choosing... ." Borden, Inc. at 851. In Bloch v. Addis, 493 So.2d 539 (Fla. 3d DCA 1986), the Third District reemphasized that, even absent objection, it would not condone inflammatory closing arguments. We agree with the Third District that appellate courts should not supinely ratify the results of such trials, even absent objection. See Tyus v. Apalachicola Northern R.R. Co., 130 So.2d 580 (Fla. 1961); City Provisioners, Inc. v. Anderson, 578 So.2d 855 (Fla. 5th DCA 1991); Riley v. Willis, 585 So.2d 1024 (Fla. 5th DCA 1991); Schubert v. Allstate Ins. Co., 603 So.2d 554 (Fla. 5th DCA 1992), rev. dismissed, 606 So.2d 1164 (Fla. 1992); Stokes v. Wet'N Wild, Inc., 523 So.2d 181 (Fla. 5th DCA 1988); Nazareth v. Sapp, 459 So.2d 1088 (Fla. 5th DCA 1984).
In the instant case, closing argument by counsel for the plaintiffs began with an unctuous tribute to the character of the plaintiff and his testimonial observation that counsel "had heard nothing but wonderful things about" the minor plaintiff. Counsel then proceeded to express his personal opinion that it was "outrageous" for WDW to assert its defense of contributory negligence  despite evidence that the minor plaintiff and his father had been told to keep their arms inside the boat at all times and an admission that the boy's hand had been in *1158 the water. Counsel also expressed his personal opinion on the credibility of several WDW witnesses, contrary to Rule 4-3.4(e) of the Florida Bar Rules Governing Professional Conduct, which provides:
A lawyer shall not:
.....
(e) in trial, allude to any matter that the lawyer does not reasonably believe is relevant or that will not be supported by admissible evidence, assert personal knowledge of the facts in issue except when testifying as a witness, or state a personal opinion as to the justness of a cause, the credibility of a witness, the culpability of a civil litigant, or the guilt or innocence of an accused.
Other WDW witnesses were sarcastically referred to as "a good soldier" or "this joker" to derogate them, and WDW was compared to "some nickel and dime carnival" throwing "pixie dust" to delude the jurors. Cf. Borden, Inc., supra, at 851, n. 4. Opposing counsel was accused of treating the jurors as through they were "fools" and "idiots." See Sun Supermarkets, Inc. v. Fields, 568 So.2d 480, 481 (Fla. 3d DCA 1990), rev. denied, 581 So.2d 164 (Fla. 1991).
More egregious yet were the inflammatory characterizations of the incident itself, which insinuated infliction of an intentional injury. Repeated references were made to WDW having "ripped off the plaintiff's thumb." Raising the level of the calumny even further, counsel then evoked the following parade of imaginary horribles for the jury to consider:
... you know, why don't you consider the fact that maybe instead of Luke, a ten year old, that we have a three or four year old sitting in this seat and they had their little ears on, okay, that they bought at the Magic Kingdom and the ears fell off into the water and so they go to pick them up... . The boat, it takes their arm off or if they're leaning over it smashes them in the head? ... I mean, you know, but for the grace of God, you know, we'd have some other catastrophic circumstance... .
This type of reference to facts not in evidence has previously been condemned by this court in City Provisioners, Inc. v. Anderson, 578 So.2d 855 (Fla. 5th DCA 1991) and Wright & Ford Millworks, Inc. v. Long, 412 So.2d 892, 893 (Fla. 5th DCA 1982). In those cases we reversed and remanded for new trial.
In Riley, we discussed the fundamental impropriety of prejudicial and inflammatory remarks during closing argument, including expressions by an attorney of his personal opinion in violation of the foregoing rule. In that case, as in the instant case, the offensive comments were not objected to. We concluded in that case that a new trial was required. The comments in Riley were far less egregious than those in the instant case.
During the trial itself, the plaintiffs' expert, not having been instructed as to the trial court's in limine order, attempted to tell the jury of post-accident remedial measures by WDW. In response to questioning concerning ways "to prevent a side-to-side configuration of those boats" the expert responded:
So the two  the various ways you can do it is, first of all, eliminate the merge point. Instead of having a merge point, don't have a merge point. And in fact, later on... .
At this point, he was interrupted, a motion for a mistrial was made and denied, and a curative instruction was given to disregard this testimony.[1] Whatever damage was occasioned by this violation of the court's order in limine was the result of the failure of counsel for the plaintiffs to advise their witness, and that failure was in direct contravention of the court order requiring counsel to caution the witnesses prior to trial. A new trial was granted on this same basis in Jordan v. School Bd. of Broward County, 531 So.2d 976 (Fla. 4th DCA 1988). Evidence of subsequent remedial measures is inadmissible, of course, as a matter of sound public *1159 policy. See City of Miami Beach v. Wolfe, 83 So.2d 774, 776 (Fla. 1955); Seaboard Air Line R.R. Co. v. Parks, 89 Fla. 405, 104 So. 587 (Fla. 1925); § 90.407, Fla. Stat. (1993).
The prejudice of the cumulative misconduct of plaintiffs' counsel is amply shown by the jury's action in returning a verdict award which included $275,000.00 in future medicals for the minor plaintiff after the age of eighteen years (he was fourteen at the time of trial and $4,200.00 was for the four intervening years of minority). There was no evidentiary basis for the $275,000.00 award and, indeed, it had not even been sought in the closing argument of plaintiffs' counsel.
As stated in Loftin v. Wilson, 67 So.2d 185 (Fla. 1953), only medical expenses which are reasonably certain to be incurred in the future are recoverable. There must also be an evidentiary basis upon which the jury can, with reasonable certainty, determine the amount of those expenses. See Broward Community College v. Schwartz, 616 So.2d 1040, 1041 (Fla. 4th DCA 1993).
We also feel some comment is warranted in regard to the issue raised by the appellant that the jury, in disregard of the trial court's instruction, failed to reduce the future damages awarded in this case to their present value. The trial court gave Standard Jury Instruction No. 6.10(Civ.) which told the jury that any amount allowed for future damages "should be reduced to its present money value." The jury, understandably puzzled by this admonition, sent the court a question: "What is the difference between total damages over future years and the present value of those future damages?" Before the question could be answered the jury announced a verdict, and that verdict showed on its face that the amount of future damages was exactly the same as present value  i.e., no reduction was made.
We feel that it is unrealistic to direct a jury to perform an economic calculation which the Florida Supreme Court candidly recognizes is beyond its own expertise. Delta Air Lines, Inc. v. Ageloff, 552 So.2d 1089, 1093 (Fla. 1989). In that opinion, the supreme court said:
... [W]e leave open the possibility that at some future date this Court may adopt a particular method after receiving the expert advice of appropriate committees and other interested persons.
We suggest that it is time for the Florida Supreme Court or the Florida Legislature to adopt some particularized formula, to be applied as a matter of law in every case, rather than leaving the matter to be resolved by the jury on an ad hoc, uninformed, and inconsistent basis  which is the present state of Florida law in this area. We also suggest that the most reasonable approach would be to simply instruct the jury to award the damages which would then be reduced to present value by the trial judge applying the mandated formula. It appears to us that this procedure would produce the most accurate and consistent result.
REVERSED AND REMANDED FOR NEW TRIAL.
GOSHORN, J., concurs.
GRIFFIN, J., concurs in part, dissents in part, with opinion.
GRIFFIN, Judge, concurring in part; dissenting in part.
I concur fully in the excellent opinion of Judge Cobb except for his conclusion that the conduct of plaintiffs' counsel in closing, which was not objected to, requires a new trial. After reviewing dozens of these cases during my brief tenure on the court, even after writing some of the opinions cited by Judge Cobb, I have come to be of the view that a party who does not object to counsel's comments in closing should not be allowed to complain of those comments on appeal. It is anomalous that the more objectionable the comment, the less the incentive to object. I will say, however, that this case has sorely tested my resolve.
NOTES
[1] In respect to such curative instructions, the appellant argues, and we are inclined to agree, that their salutary effect was aptly summed up by the trial judge in the case of O'Rear v. Fruehauf Corp., 554 F.2d 1304, 1309 (5th Cir.1977): "[Y]ou can throw a skunk into the jury box and instruct the jurors not to smell it, but it doesn't do any good."