COBB, J.
In the instant case the jury returned a verdict for the plaintiff, Pasha Yenke, awarding her $100,000.00 for future medical expenses for a ten-year period. The evidence at trial, interpreted in the light most favorable to the plaintiff, would sustain only the amount of $44,000.00 for that time period. A remittitur of $56,000.00 should have been entered by the trial judge, resulting in a judgment for the plaintiff (after inclusion of past medical expenses) in the total amount of $70,-644.45.
The jury was instructed in this case to discount the future damage award so as to reduce it to its present value. Based on the record, we conclude the jury failed to do so and simply awarded the total damages. We cannot correct that error in this ease, but we feel that comment is once again warranted concerning the failure of the jury to heed the trial court’s instruction to reduce future damages to present value. See Walt Disney World Co. v. Blalock, 640 So.2d 1156, 1158 (Fla. 5th DCA), rev. dismissed, 649 So.2d 232 (Fla.1994). As we observed in Blalock:
We feel that it is unrealistic to direct a jury to perform an economic calculation which the Florida Supreme Court candidly recognizes is beyond its own expertise. Delta Air Lines, Inc. v. Ageloff, 552 So.2d 1089, 1093 (Fla.1989). In that opinion, the supreme court said:
... [W]e leave open the possibility that at some future date this Court may adopt a particular method after receiving the expert advice of appropriate committees and other interested persons.
We suggest that it is time for the Florida Supreme Court or the Florida Legislature to adopt some-particularized formula, to be applied as a matter of law in every case, rather than leaving the matter to be resolved by the jury on an ad hoc, uninformed, and inconsistent basis — which is the present state of Florida law in this area. We also suggest that the most reasonable approach would be to simply instruct the jury to award the damages which would then be reduced to present value by the trial judge applying the mandated formula. It appears to us that this procedure would produce the most accurate and consistent result.
In addition to accuracy and consistency in awards involving future damages, the implementation of a mandated formula would obviate the need for costly expert accounting witnesses explaining complex mathematical formulae at trial.
Accordingly, we reverse and remand for entry of judgment for the plaintiff in the amount of $70,644.45, together with any appropriate fees and costs, against the defendant Stephen G. Milam. Final judgment for the defendant, State Farm, was entered on November 30, 1998 and the untimely appeal of that judgment has heretofore been dismissed.
REVERSED AND REMANDED.
W. SHARP and GRIFFIN, JJ„ concur.