SHAHOOD, J.
This is an appeal from a defense verdict in a personal injury action brought by a paramedic who was injured when the ambulance in which he was riding was struck by another vehicle. Appellant raises three issues on appeal. We affirm the trial court’s rulings on all issues, as well as the final judgment, and write only to address the jury instruction issue.
Appellant, Gregson Gordon (“Gordon”), and his partner, Alphonse Lanza (“Lan-za”), were in an ambulance responding to an emergency call. As the ambulance approached a major intersection with its lights and sirens activated, Lanza, who was driving, slowed the vehicle to approximately one mile an hour to wait for the traffic to clear so that he could make a left-hand turn. A car from the farthest lane struck the ambulance.
Appellee, Joseph Colbert (“Colbert”), the driver of the car that hit the ambulance, testified that, as he approached the intersection, there was a van or a truck of some sort in the left-hand turn lane, which obstructed his view of the ambulance. Colbert proceeded through a green light into the intersection, driving at a normal speed. According to Colbert, the ambulance turned into his path; he never saw it coming, nor did he ever hear the sirens. Colbert denied causing the accident.
During the charge conference, it was decided that the court would read the requested jury instructions regarding sections 316.126 and 316.072 Florida Statutes (1999). The instruction relating to section 316.126 was the following:
Emergency vehicle. Operation of vehicles and actions of pedestrians on approach of a[sic] authorized emergency vehicle.
One, upon immediate approach of an authorized emergency vehicle, while en route to meet an existing emergency, the driver of every other vehicle shall, when such emergency vehicle is giving audible signal by siren, exhaust whistle, or other adequate device, or visible signals by the use of displayed blue or red lights, yield the right-of-way to emergency vehicle and shall immediately proceed to a position parallel to, and as close as reasonable to the closest edge of the curb of the roadway, clear of any *473 intersection and shall stop and remain in position until the authorized emergency vehicle has passed, unless otherwise directed by [a] law enforcement officer.
Any authorized emergency vehicle en route to meet an existing emergency shall ... otherwise proceed in a manner consistent with the laws regulating vehicle traffic upon the highways of this State.
The instruction relating to section 316.072, Florida Statutes (1999), was the following:
Authorized emergency vehicles and the driver thereof, when responding to an emergency call, ... shall exercise privileges set forth in this section but subject to conditions herein.
... may proceed past a red or stop signal or stop sign but only after slowing down as it may be necessary for safe operation and may disregard regulations governing direction or movement or turning in specified directions, so long as the driver does not endanger life or property.
the foregoing provision shall not relieve the driver of the [emergency] vehicle ... from the duty to drive with due regard for the safety of all persons, nor shall such provision' protect the driver from the consequence of his or her reckless disregard for the safety of others.
After some discussion, the court also read the instruction concerning section 316.122, Florida Statutes (2000), which states:
Vehicle turning left. — The driver of a vehicle intending to turn to the left within an intersection ... shall yield the right-of-way to any vehicle approaching from the opposite direction which is within the intersection or so close thereto as to constitute an immediate hazard.
On appeal, Gordon argues that it was error for the court to instruct the jury on section 316.122 because that section governs left-hand turns, generally, and does not apply in emergency situations. Further, he contends that the instruction was contradictory to the instructions relating to sections 316.126 and 316.072, and had the- effect of confusing or misleading the jury on a critical issue of liability. We disagree.
As an initial matter, we note that this issue was not preserved, and affirm on that basis. Had this issue been preserved, we would nonetheless affirm, holding that the trial court did not err in instructing the jury.
With regard to preservation, although there was some discussion during the charge conference about the effect of giving all three instructions, counsel never expressly made it known to the trial court that he objected to the giving of the instruction on section 316.122. Counsel merely said,
I don’t think you should instruct them on both, Judge, because that is saying the ENT vehicles can ignore the traffic regulation law as long as they do it with safety.
When the trial judge responded, “I will read both of them,” there was no further objection. See generally Luthi v. Owens-Corning Fiberglass Corp., 672 So.2d 650, 652 (Fla. 4th DCA 1996) (To properly preserve an objection to a jury instruction, there must be a distinct and specific objection.).
On the merits, it was not error for the trial court to read all three instructions, A trial court must give jury instructions which are supported by facts in evidence; only when the court gives an instruction not founded upon evidence adduced at trial has error occurred. See Bessett v. Hackett, 66 So.2d 694 (Fla.1953). The instructions should not be confusing, *474 contradictory, or misleading. See generally Signo v. Phillip Morris, 487 So.2d 1182 (Fla. 4th DCA), review denied, 494 So.2d 1152 (Fla.1986).
In this case, the central issue was who had the right of way. Gordon’s position was that the ambulance had the right of way, provided it proceeded with caution, because it was responding to an emergency. Conversely, Colbert’s position seemed to be that, even though the ambulance had the authority to proceed through the intersection in an emergency, it was nevertheless required to exercise caution and yield to oncoming vehicles in executing the left-hand turn.
Thus, the instructions which the trial court gave addressed the evidence on both sides. The jury instructions are not in conflict because neither gives the driver an absolute right to proceed in disregard of other vehicles if there is a potential threat to person or property in doing so. Rather, the statutes impose on the drivers the requirement to proceed with caution, whether proceeding straight through the intersection, turning left, or approaching an emergency vehicle. These are standard traffic rules, which are well within the jury’s knowledge. It was, therefore, not error to give all three of the instructions and allow the jury to decide, based on the law, who was at fault.
AFFIRMED.
POLEN, C.J., and KLEIN, J., concur.