# Third District Court of Appeal

## State of Florida

Opinion filed January 11, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-2119
Lower Tribunal No. 17-3404
_____

**Martex Corporation, et al.,**
Appellants,

vs.

**Roberto Artiles, etc., et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Jose M. Rodriguez, Judge.

GrayRobinson, P.A., Jack R. Reiter and Jordan S. Kosches, for appellants.

Ratzan, Weissman & Boldt and Stuart N. Ratzan; Law Offices of Sean M. Cleary and Sean M. Cleary; and Joel S. Perwin, P.A. and Joel S. Perwin, for appellees.

Before FERNANDEZ, C.J., and LINDSEY, and LOBREE, JJ.

FERNANDEZ, C.J.

Martex Corporation ("Martex") and Maintenance Authority Professional Services, Inc. ("MAPS") (collectively, "Martex") appeal the trial court's order granting summary judgment in favor of Roberto Artiles ("Artiles"). Upon review of the record, we reverse the summary judgment order and remand for a new trial consistent with this opinion.

The underlying case concerns a HVAC technician, Ernesto Artiles ("decedent"), who was working on a roof in order to access the AC system when he fell through a skylight and sustained injuries that later resulted in his death. The accident occurred at a commercial warehouse in Miami owned by Martex and operated by MAPS. The decedent was an employee of an independent contractor, RAM Quality Group Corp. ("RAM"), who was hired by Custom Kolor, the tenant leasing a unit in the warehouse. Roberto Artiles, the decedent's father, filed suit against all parties involved, including Martex and MAPS. The trial court ultimately granted summary judgment in favor of Artiles, followed by a jury trial that resulted in a twelve-million-dollar ($12,000,000) verdict for Artiles and his wife. The jury apportioned seventy percent of liability towards Martex and twenty percent of liability towards MAPS.[1]

---

[1] Additionally, the jury apportioned the following percentages to the other parties involved: six percent to FM Roofing, three percent to RAM Quality

Appellate courts review a summary judgment order *de novo* and a trial court's admission of evidence for an abuse of discretion. See Fuentes v. Sandel, Inc., 189 So. 3d 928, 932 (Fla. 3d DCA 2016); Castaneda ex rel. Cardona v. Redlands Christian Migrant Ass'n, Inc., 884 So. 2d 1087, 1090 (Fla. 4th DCA 2004).

There is a long-standing line of cases in construction law that provides the following rules regarding whether a property owner should be held liable for an independent contractor's employee's injuries:

> As a general rule, "a property owner who employs an independent contractor to perform work on his property will not be held liable for injuries sustained by the employee of an independent contractor during the performance of that work." Strickland, 66 So. 3d at 1006. There are two exceptions to this rule. First, a property owner may be held liable for an independent contractor's employee's injuries if the owner actively participated in the work or exercised direct control over the work, and failed to exercise that control with reasonable care. Id.; Armenteros v. Baptist Hosp. of Miami, Inc., 714 So. 2d 518, 521 (Fla. 3d DCA 1998). The second exception applies where the property owner fails to warn the contractor about concealed dangers not inherent in the work of which the owner had actual or constructive knowledge and which were unknown to the contractor or could not have been discovered through due care. Id.

Fuentes, 189 So. 3d 928, 932. The second exception directly applies to this case.

---

Group Corp., one percent to Custom Kolor, and zero percent to the decedent.

3

In Fuentes, because the independent contractor was warned about the skylights, the property owner did not have a legal duty. Id. at 935. In the present case, there is a possibility that Martex knew or should have known about a concealed danger not inherent in the work, namely whether the skylights were potentially not up to code based on the undisputed fact that a prior repair of the roof was done without a permit. Given this possibility, there was a genuine issue of material fact that prevented the entry of summary judgement.

Additionally, Martex was denied its right to a fair trial due to a number of errors that occurred during trial. The first error concerns subsequent remedial measures, and the second error concerns comments made at closing.

Counsel for Artiles clearly violated an order granting Martex's motion in limine prohibiting Artiles from introducing evidence of the subsequent remedial measure of Martex building cages around the skylights with the goal of preventing similar accidents in the future. Despite Artiles's explanation to the contrary, the fact is that Artiles's roofing and building code expert testified that a cage had been installed prior to his inspection of the roof, which directly implies that the cage was installed after the accident:

4

Q: Does [the photograph] fairly and accurately depict the skylight in this case that you inspected with your own eyes when you did your inspection?

A: Well, when we did our inspection there was a cage.

Counsel for Martex objected and moved for a mistrial on side bar. The trial court overruled the objection and denied the motion post-trial.

In <u>Walt Disney World Co. v. Blalock</u>, 640 So. 2d 1156 (Fla. 5th DCA 1994), counsel for the injured party failed to caution the expert witness of an in limine order precluding evidence of subsequent remedial measures taken by Disney after a ten-year-old child's thumb was amputated on the Pirates of the Caribbean ride:

In response to questioning concerning ways "to prevent a side-to-side configuration of those boats" the expert responded:

So the two--the various ways you can do it is, first of all, eliminate the merge point. Instead of having a merge point, don't have a merge point. And in fact, later on....

<u>Id.</u> at 1158. In <u>Blalock</u>, all that was said was "And in fact, later on…" <u>Id.</u> This incomplete sentence was enough to violate the order prohibiting evidence of subsequent remedial measures. <u>Id.</u> at 1158-59. In the current case, the expert witness completed his thought signaling to the jury that cages were installed after the accident. As the court found in <u>Blalock</u>, even if a curative

5

instruction was given, the skunk was already in the jury box. Id. at 1155 n. 1. This, along with the comments made at closing, warrants a new trial.

Lastly, in closing argument, counsel for Artiles asked the jury to render their verdict "not just for these two folks. This is an answer for this entire community." This is considered "send a message" language that is prohibited. See R.J. Reynolds Tobacco Co. v. Gafney, 188 So. 3d 53 (Fla. 4th DCA 2016); Kloster Cruise Ltd. v. Grubbs, 762 So. 2d 552 (Fla. 3d DCA 2000); Maercks v. Birchansky, 549 So. 2d 199 (Fla. 3d DCA 1989). Artiles's counsel also referenced forty-year inspections and building safety, in context of the collapse of the Surfside Tower that occurred during the trial. [2] Martex's objection was overruled by the trial court. The warehouse building where the accident occurred was twenty-eight years old, and no issue of a forty-year inspection had been presented at trial. This comment, along with subsequent public discussion about building safety, was clearly improper closing argument. The cumulative effect of these comments, along with the expert's

_____

[2] The jury trial in the case before us began on June 21, 2021, and the Champlain Towers in Surfside, Florida collapsed on June 24, 2021. The jury verdict was rendered on July 1, 2021. There was intense media scrutiny of the Surfside tower collapse and continuous, pervasive discussion in the community during the time of trial about the possibility that Champlain Towers had not undergone the required forty-year building inspections. The collapse occurred in the middle of the night, and at the time of the collapse, media throughout Miami-Dade County was reporting the possibility of deaths in excess of one-hundred.

6

comment regarding the subsequent remedial measure of the cage installation, was enough to negate a fair trial. <u>See</u> <u>Blalock</u>, 640 So. 2d at 1158-59.

Accordingly, we reverse the order on appeal granting summary judgment in favor of Artiles and remand for a new trial consistent with this opinion.

Reversed and remanded for a new trial.